EXHIBIT A

1  SHADIE L. BERENJI (SBN 235021)
   OSCAR A. BUSTOS (SBN 279212)
2  BRITTANEE A. MARKSBURY (SBN 315579)
   BERENJI LAW FIRM, APC
3  8383 Wilshire Blvd., Suite 708
   Beverly Hills, California 90211
4  Telephone: (310) 855-3270
   Facsimile: (310) 855-3751
5  Email: berenji@employeejustice.law
   Email: bustos@employeejustice.law
6  Email: marksbury@employeejustice.law

7  Attorneys for Plaintiffs JESSICA ENRIQUEZ
   and DAMION JONES, individually and on
8  behalf of all other persons similarly situated
   and the general public

**FILED**
Superior Court of California
County of Los Angeles

FEB 22 2018

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
    Jan Josef Manrique

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                        COUNTY OF LOS ANGELES

| | |
|---|---|
| 11 JESSICA ENRIQUEZ and DAMION JONES, individually and on behalf of all other persons similarly situated, and on behalf of the general public, <br><br> 13       Plaintiffs, <br><br> 15       v. <br><br> 16 ROCHE-BOBOIS U.S.A., LTD. ("ROCHE-BOBOIS"), a New York corporation; EUROPEAN CALIFORNIA FURNITURE, LTD., a California corporation; INPALA, INC., a California corporation; and DOES 1 through 30, inclusive, <br><br> 19       Defendants. | Case No. BC645332 <br> *Assigned to Hon. Carolyn Kuhl* <br> *Department 309* <br><br> **SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES:** <br><br> 1. Failure to Pay Minimum Wages; <br> 2. Failure to Pay Statutory/Contractual Wages; <br> 3. Failure to Pay Overtime Wages; <br> 4. Failure to Pay Overtime Wages (Fair Labor Standards Act); <br> 5. Failure to Provide Paid Sick Days; <br> 6. Unlawful Deduction of Wages; <br> 7. Failure to Pay Vested Wages; <br> 8. Failure to Provide Rest Periods; <br> 9. Failure to Provide Meal Periods; <br> 10. Failure to Reimburse Business Expenses; <br> 11. Failure to Maintain Payroll Records and Provide Itemized Wage Statements; <br> 12. Failure to Timely Pay Wages; <br> 13. Unlawful Release of Wages & Expenses; <br> 14. Violation of California Unfair Competition Laws; <br> 15. California Labor Code Private Attorney General Act (PAGA). <br><br> **DEMAND FOR JURY TRIAL** <br><br> Complaint Filed: December 30, 2016 |

1

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

1       Plaintiffs JESSICA ENRIQUEZ, DAMION JONES and MICHELLE SHARPE

2   (hereinafter "PLAINTIFFS") bring this action against Defendants ROCHE-BOBOIS U.S.A.,

3   LTD. ("ROCHE-BOBOIS"), a New York corporation, EUROPEAN CALIFORNIA

4   FURNITURE, LTD., a California corporation, INPALA, INC., a California corporation, and

5   DOES 1 through 30, inclusive (collectively hereinafter "DEFENDANTS"), on behalf of

6   themselves and all others similarly situated and the general public, and allege upon information

7   and belief, which is based upon the investigation of their counsel, except as to the allegations

8   concerning PLAINTIFFS or their counsel, which are made upon PLAINTIFFS' personal

9   knowledge, as follows:

10                        **NATURE OF ACTION**

11      1.    This action is brought on behalf of PLAINTIFFS and a class of: (1) current and

12  former similarly-situated employees employed by DEFENDANTS in California to recover

13  unpaid minimum wages, unpaid overtime wages, unpaid vacation and sick days, unlawfully

14  deducted wages, unpaid wages for vested vacation, wages for meal and rest period violations,

15  reimbursement of business expenses, restitution, as well as other statutory penalties and

16  damages owed pursuant to California Labor Code sections 203, 204, 221, 223, 224, 226, 226.7,

17  227.3, 246, 248.5, 558, 1194, 1194.2, 1197, 2800 and 2802, California Business and

18  Professions Code section 17200 et seq., California Private Attorneys General Act of 2004

19  ("PAGA"), codified in California Labor Code section 2698 et seq., and California Industrial

20  Welfare Commission ("IWC") Wage Order 7-2001; and (2) current and former similarly-

21  situated employees of DEFENDANTS in California that received wage statements within one

22  (1) year of the date of commencement of this action, through the date of final disposition of this

23  action to recover statutory penalties and damages owed pursuant to California Labor Code

24  section 226.

25      2.    This action is additionally brought on behalf of PLAINTIFFS and a class of

26  current and former similarly-situated employees employed by DEFENDANTS in the United

27  States of America to recover unpaid overtime wages owed pursuant to the Fair Labor Standards

28  Act of 1938 ("FLSA"), codified in 29 U.S.C. section 201 et seq.

3.      This lawsuit arises out of the following wrongful acts that occurred, are occurring, and will occur, at least in part, within four years preceding the filing of this action and up to and through the time of trial of this matter.  As a result of DEFENDANTS' company-wide policies and practices, DEFENDANTS engaged in the following unlawful conduct:

(a)     DEFENDANTS did not pay minimum wages to PLAINTIFFS and similarly-situated sales and design consultants for all hours worked;

(b)     DEFENDANTS did not pay overtime wages to PLAINTIFFS and similarly-situated sales and design consultants for all hours worked in excess of eight in one workday or forty in one workweek or for the first eight hours of the seventh consecutive day of work;

(c)     DEFENDANTS secretly paid a lower wage to PLAINTIFFS and similarly-situated sales and design consultants than that provided for in their pay plan;

(d)     DEFENDANTS did not provide PLAINTIFFS and similarly-situated sales and design consultants with paid vacation and sick days;

(e)     DEFENDANTS deducted PLAINTIFFS and similarly-situated sales and design consultants' wages without an express written agreement and unlawfully required them to repay earned and paid commissions;

(f)     DEFENDANTS subjected PLAINTIFFS and similarly-situated employees to an unlawful use-it-or-lose it vacation policy and failed to pay wages for vested vacation upon termination of their employment;

(g)     DEFENDANTS did not provide meal periods to PLAINTIFFS and similarly-situated sales and design consultants in accordance with California Labor Code sections 226.7 and 512, and IWC Wage Order 7-2001;

(h)     DEFENDANTS did not provide paid rest periods to PLAINTIFFS and similarly-situated sales and design consultants in accordance with California Labor Code section 226.7 and IWC Wage Order 7-2001;

///

///

3

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

(i)  DEFENDANTS failed to reimburse PLAINTIFFS and similarly-situated sales and design consultants for all expenses necessarily incurred in the course of performing their job duties;

(j)  DEFENDANTS failed to maintain accurate payroll and time records and failed to furnish PLAINTIFFS and similarly-situated sales and design consultants with wage statements accurately showing their gross and net wages earned, all applicable hourly rates in effect, and the corresponding number of hours worked at each rate;

(k)  DEFENDANTS failed to furnish PLAINTIFFS and similarly-situated employees with wage statements accurately identifying the name and address of the legal entity that is the employer;

(l)  DEFENDANTS failed to provide PLAINTIFFS and similarly-situated employees with timely payment of wages pursuant to California Labor Code sections 201, 202, and 204; and,

(m)  DEFENDANTS failed to pay, without conditions, business expenses and wages concededly due and additionally required the execution of a release of non-waivable statutory rights in violation of California Labor Code sections 206, 206.5 and 2804.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over this matter because PLAINTIFFS have alleged state law claims pursuant to California Labor Code sections 203, 221, 223, 224, 226, 226.7, 227.3, 246, 510, 512, 1174, 1194, 1197, 2800 and 2802, California Business and Professions Code sections 17200 et seq., California Labor Code section 2698 et seq., and IWC Wage Order 7-2001. This Court additionally has jurisdiction over the alleged FLSA claim pursuant to the California Code of Civil Procedure section 410.10 and Article VI, section 10 of the California Constitution.

5.  Defendant ROCHE-BOBOIS, at all times mentioned herein, was a corporation duly organized and existing under the laws of the State of New York, and owns, controls, and/or operates high-end furniture showrooms in California, including a showroom located at 8850 Beverly Boulevard in Los Angeles, California and throughout the United States.

6.      Defendants EUROPEAN CALIFORNIA FURNITURE, LTD. and INPALA, INC., at all times mentioned herein, were corporations duly organized and existing under the laws of the State of California, and own, control and/or operate furniture showrooms doing business as "Roche Bobois" in California, including a showroom located at 8850 Beverly Boulevard in Los Angeles, California.

7.      Venue is proper in this district because a substantial part of the events or omissions giving rise to the claims occurred in Los Angeles County.  At all times mentioned herein, PLAINTIFFS resided in Los Angeles County and DEFENDANTS maintained and currently maintain furniture showrooms in Los Angeles County and employ a substantial number of class members therein.  A class is proper under California Business and Professions Code section 17200 because most, if not all, of the improper conduct emanated out of California.

## PARTIES

### The Representative Plaintiffs

8.      Plaintiff and proposed class representative, JESSICA ENRIQUEZ, is an individual and at all times relevant herein, has been a resident of the State of California in the county of Los Angeles.

9.      From the spring of 2014 to January 11, 2016, Ms. Enriquez was employed by DEFENDANTS as a Sales and Design Consultant and worked in its showroom located at 8850 Beverly Boulevard, Los Angeles, California 90048.   Ms. Enriquez was hired by DEFENDANTS pursuant to written and implied contracts of employment, impliedly or explicitly, promising to pay in conformance with California wage and hour requirements.  The texts of any written terms of contract are contained within DEFENDANTS' records.

10.     Plaintiff and proposed class representative, DAMION JONES, is an individual and at all times relevant herein, has been a resident of the State of California in the county of Los Angeles.

11.     From approximately February 2015 to December 2017, Mr. Jones was employed by DEFENDANTS as a Sales and Design Consultant and worked in its showroom located at

1  8850 Beverly Boulevard, Los Angeles, California 90048. Mr. Jones was hired by

2  DEFENDANTS pursuant to written and implied contracts of employment, impliedly or

3  explicitly, promising to pay in conformance with California wage and hour requirements. The

4  texts of any written terms of contract are contained within DEFENDANTS' records.

5      12.    Plaintiff and proposed class representative, MICHELLE SHARPE, is an

6  individual and at all times relevant herein, has been a resident of the State of California in the

7  county of Los Angeles.

8      13.    From approximately June 2016 to the present, Ms. Sharpe was employed by

9  DEFENDANTS as a Sales and Design Consultant and worked in its showroom located at 8850

10  Beverly Boulevard, Los Angeles, California 90048. Ms. Sharpe was hired by DEFENDANTS

11  pursuant to written and implied contracts of employment, impliedly or explicitly, promising to

12  pay in conformance with California wage and hour requirements. The texts of any written

13  terms of contract are contained within DEFENDANTS' records.

14      14.    The obligations and responsibilities of PLAINTIFFS as Sales and Design

15  Consultants included, but were not limited to: selling high-end home furnishing to

16  DEFENDANTS' customers; submitting purchase orders to DEFENDANTS' factories and

17  managing follow-up communications regarding said orders; communicating with

18  DEFENDANTS' customers regarding the status of their furniture orders; preparing designs for

19  projects; updating the showroom's tagging and marketing store tools; coordinating with

20  DEFENDANTS' customer service department regarding customer service issues/complaints

21  and following up with DEFENDANTS' customers regarding service requests; learning Roche

22  Bobois' new collections; and, attending mandatory meetings. PLAINTIFFS also spent a lot of

23  time waiting for prospective customers to visit the furniture showroom. PLAINTIFFS could

24  not, and did not earn commissions while waiting for customers or engaging in other non-sales

25  duties directed by DEFENDANTS.

26      15.    On information and belief, PLAINTIFFS, and each member of the class they

27  seek to represent, were regularly subjected to, or had personal knowledge of, the violations

28  described in this Second Amended Class Action Complaint for Damages (the "Complaint")

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

1  and/or the allegations contained herein made on information and belief based upon

2  investigation of counsel. Each member of the purported class was working for DEFENDANTS

3  and is therefore a witness to the allegations of this Complaint.

4      16.     PLAINTIFFS also bring this action pursuant to PAGA on behalf of the members

5  of the Classes as well as all Aggrieved Employees that DEFENDANTS employed from

6  January 3, 2016 to the present.

7      17.     DEFENDANTS employ numerous employees in the State of California that are

8  paid on a commission-basis.   The obligations and responsibilities of these employees are

9  virtually identical from showroom-to-showroom.  Any differences in job activities between the

10  different individuals in these positions were and are legally insignificant to the issues presented

11  by this action.

12  **Defendants**

13      18.     ROCHE-BOBOIS is a world leader in luxury French furniture design and

14  distribution.   On information and belief, ROCHE-BOBOIS owns, controls, and/or operates

15  more than two hundred and fifty showrooms worldwide, including five furniture showrooms in

16  the State of California and twenty-eight showrooms in the United States.

17      19.     On information and belief, EUROPEAN CALIFORNIA FURNITURE, LTD.

18  owns, controls, and/or operates furniture showrooms doing business as "Roche Bobois" in the

19  State of California, including a showroom located at 8850 Beverly Boulevard in Los Angeles,

20  California.

21      20.     On information and belief, INPALA, INC., owns, controls, and/or operates

22  furniture showrooms doing business as "Roche Bobois" in the State of California, including a

23  showroom located at 8850 Beverly Boulevard in Los Angeles, California.

24      21.     On information and belief, DEFENDANTS are now and at all times mentioned

25  in this Complaint were conducting business within the State of California.   EUROPEAN

26  CALIFORNIA FURNITURE, LTD. and INPALA, INC. are licensed to do business and are

27  actually doing business in the State of California.

28  ///

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

22.    On information and belief, DEFENDANTS are employers within the meaning of the FLSA. Furthermore, PLAINTIFFS are informed and believe, and based thereon allege, that DEFENDANTS employed PLAINTIFFS and similarly situated employees within the meaning of the FLSA.

23.    PLAINTIFFS are informed and believe and thereon allege that, at all times herein mentioned, there existed a unity of interest and ownership between the DEFENDANTS that the individuality and separateness of DEFENDANTS ceased to exist. The business affairs of DEFENDANTS, at all relevant times, were and are so mixed and intermingled that the same cannot reasonably be segregated. For example: EUROPEAN CALIFORNIA FURNITURE, LTD. and INPALA, INC. are both doing business as "Roche Bobois," and share the same corporate officers, agent for service of process, and entity address that is registered with the State of California. Further, an employee handbook from "ROCHE-BOBOIS" was issued to PLAINTIFFS and PLAINTIFFS' wage statements listed "INPALA, INC." as an employer. DEFENDANTS were and are, in many material respects, a conduit for the conduct of certain affairs of one another. The recognition of the separate existence of DEFENDANTS would not promote justice in that it would permit each defendant to insulate itself from liability from PLAINTIFFS. Accordingly, DEFENDANTS constitute the alter egos of one another and the fiction of their separate existence must be disregarded.

24.    PLAINTIFFS are informed and believe and thereon allege that DEFENDANTS exercised, and continue to exercise, control over the wages, hours, and/or working conditions at the furniture showrooms in California in various ways, including but not limited to: controlling the day-to-day operations and significant business functions at their showrooms; hiring, firing, and modifying the employment conditions of the employees at their showrooms; controlling matters concerning compensation and promotion of employees; and, directing, supervising and arranging employee's work activities, work schedules, and employment conditions.

25.    PLAINTIFFS are informed and believe and thereon allege that at all relevant times, each defendant, directly or indirectly, or through agents or other persons, employed PLAINTIFFS and other members of the class, and exercised control over their labor contracts,

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

policies and procedures regarding wages, hours, and working conditions, and caused or permitted the violations against all of the aggrieved employees at issue in this Complaint. PLAINTIFFS are informed and believe and thereon allege that DEFENDANTS were joint-employers of PLAINTIFFS and other members of the class and are therefore independently and jointly and severally liable for violations as alleged herein. At all times relevant to this action, PLAINTIFFS and the other members of the class have, directly or indirectly, performed services for each of the DEFENDANTS, and to the mutual benefit of all DEFENDANTS.

26.    PLAINTIFFS are informed and believe and thereon allege that based on their co-employer relationship, DEFENDANTS knew or should have known of the wrongful conduct of each defendant, but failed to intervene and/or correct such conduct.

27.    PLAINTIFFS are informed and believe and thereon allege that at all times herein mentioned each defendant was the agent or employee of each of the remaining defendants, and in doing the things alleged herein was acting within the course and scope of this agency or employment.

28.    DEFENDANTS were "employers" of the class members, as defined in the IWC Wage Orders and for purposes of the FLSA, and caused or permitted the violations at issue in this Complaint. However, even if DEFENDANTS are found not to be employers of the class, DEFENDANTS caused the violations at issue in this Complaint, thus creating liability pursuant to California Labor Code Private Attorneys General Act section 2698 et. seq. and California Labor Code section 558, as described below.

29.    DEFENDANTS' violations as described in this Complaint were knowing, intentional, deliberate, and willful.

30.    PLAINTIFFS are ignorant of the true names or capacities of the defendants sued herein under the fictitious name DOES 1 through 30, inclusive.

31.    Each defendant acted in all respects pertinent to this action as the agent of the other defendant, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendant.

///

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

## **GENERAL BACKGROUND**

32.    This is a class action pursuant to California Code of Civil Procedure section 382 to vindicate rights afforded to the class by the California Labor Code, California Business and Professions Code section 17200 *et seq.*, California Code of Civil Procedure, the applicable IWC Wage Order, and the FLSA.  This action is brought on behalf of PLAINTIFFS and classes comprising of all current and former employees employed by DEFENDANTS in California and the United States.

33.    The action seeks recovery for wages and compensation due and owing to PLAINTIFFS and the class under California and Federal laws for the maximum period allowed to the present (the "Class Period"), as set forth below.  For at least four years prior to the filing of this action and through to the present, DEFENDANTS systematically maintained and enforced against its employees and/or sales and design consultants, unlawful practices and policies, in violation of California and Federal wage and hour laws, including:

(a)    failing to pay minimum wages for all hours worked, including time spent performing non-commission work and/or time spent under the control of DEFENDANTS waiting for commission work;

(b)    failing to pay overtime wages for all hours worked in excess of eight in one workday or forty in one workweek or for the first eight hours of the seventh consecutive day of work;

(c)    secretly paying a lower wage to sales and design consultants, including PLAINTIFFS, than that provided for in their pay plan;

(d)    failing to provide paid vacation and sick days;

(e)    unlawfully deducting wages without an express written agreement;

(f)    subjecting employees to an unlawful use-it-or-lose-it vacation policy and failing to pay wages for vested vacation upon termination;

(g)    failing to provide paid rest periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof and failing to pay such employees one (1) hour of pay

10

at the employee's regular rate of compensation for each paid rest period that is not provided;

(h)    failing to provide 30-minute uninterrupted meal periods as required by law and failing to pay such employees one (1) hour of pay at the employee's regular rate of compensation for each meal period that is not provided;

(i)    failing to reimburse employees for necessarily incurred business expenses, such as cell phones;

(j)    failing to maintain adequate records and provide accurate itemized wage statements because they did not include the accurate gross and net wages earned, all applicable hourly rates in effect, and the corresponding number of hours worked at each rate;

(k)    failing to provide accurate itemized wage statements because they did not accurately identify the legal entity that was their employer;

(l)    failing to provide timely payment of wages pursuant to California Labor Code sections 201, 202 and 204;

(m)    failing to pay, without condition, business expenses and wages concededly owed and unlawfully requiring the execution of a release of non-waivable statutory rights; and,

(n)    failing to pay class members, including PLAINTIFFS, statutory penalties pursuant to the California Labor Code.

34.    DEFENDANTS violated the California Labor Code, IWC Wage Order 7-2001, and the FLSA by failing to compensate PLAINTIFFS and other commission-paid employees for all hours worked.  Further, DEFENDANTS required PLAINTIFFS and the class earning less than twice the California minimum wage to purchase their own tools needed to perform the required job functions.  As such, by operation of law and implied into any employment contract, PLAINTIFFS and the class must be paid in conformance with California labor laws and therefore be paid at least twice the minimum wage for all hours worked.  As a result of

1  DEFENDANTS' violations described herein, PLAINTIFFS and the class have suffered injury

2  in fact and have lost money or property.

3       35.    California wage and hour laws, including California Labor Code sections 510

4  and 1194 and the applicable IWC Wage Order, legally require DEFENDANTS to pay

5  PLAINTIFFS and similarly-situated employees minimum wage premiums.  As a result of

6  DEFENDANTS' failure to adequately compensate PLAINTIFFS for all hours worked,

7  DEFENDANTS must make restitution to PLAINTIFFS and similarly-situated employees for

8  all unpaid minimum wages, plus interest and/or double the unpaid minimum pay.  California

9  Business and Professions Code section 17203 requires DEFENDANTS to compensate

10  PLAINTIFFS and similarly-situated employees for the delay in receiving owed wages.

11       36.    California wage and hour laws, including California Labor Code sections 510,

12  1194, 1198, and the applicable IWC Wage Order, legally require DEFENDANTS to pay

13  PLAINTIFFS and similarly-situated employees that were paid on a commission basis, overtime

14  wage premiums at the rate of one and one half and/or two times the regular rate of pay when

15  their earnings for all hours worked do not exceed one and one-half (1½) times the minimum

16  wage, and/or less than half their compensation represents commissions.  When PLAINTIFFS'

17  earnings for all hours did not exceed one and one-half (1½) times the minimum wage,

18  DEFENDANTS failed to pay overtime wages.  DEFENDANTS failed to pay PLAINTIFFS for

19  all hours worked in excess of eight in one workday or forty in one workweek or for the first

20  eight hours of the seventh consecutive day of work.

21       37.    The FLSA requires employers such as DEFENDANTS to compensate all non-

22  exempt employees at a rate of not less than one and one-half (1½) times the regular rate of pay

23  for all work performed in excess of forty (40) hours per week.

24       38.    California Labor Code section 246 requires DEFENDANTS to provide

25  PLAINTIFFS and similarly-situated employees with paid sick days.

26       39.    In addition to the wages owed, DEFENDANTS must make restitution to

27  PLAINTIFFS and similarly-situated employees for the wages, plus interest.  California

28

12

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

1  Business and Professions Code section 17203 requires DEFENDANTS to compensate
2  PLAINTIFFS and similarly-situated employees for the delay in receiving owed wages.

3      40.    California wage and hour laws, including California Labor Code sections 226.7,
4  512, and the applicable IWC Wage Order, legally require DEFENDANTS to provide
5  PLAINTIFFS and similarly-situated employees with 30-minute uninterrupted meal breaks
6  during shifts lasting at least five hours.  DEFENDANTS must provide PLAINTIFFS and
7  similarly-situated employees with second 30-minute uninterrupted meal break during shifts
8  lasting at least ten hours.  For each meal period that was not provided to PLAINTIFFS and
9  similarly-situated employees, they are owed an additional hour of pay at their regular rate.

10     41.    California Labor Code section 226.7 and the applicable IWC Wage Order
11 require DEFENDANTS to authorize and permit PLAINTIFFS and similarly-situated
12 employees to take full and uninterrupted paid rest periods.  For each paid rest period
13 PLAINTIFFS and similarly-situated employees were not authorized and permitted to take, they
14 are owed an additional hour of pay at their regular rate.  PLAINTIFFS and similarly-situated
15 employees are further entitled to restitution in the amount of ten minutes of pay time for each
16 paid rest period that DEFENDANTS did not authorize or permit.

17     42.    DEFENDANTS violated California Labor Code sections 226 and 1174 and have
18 made it difficult to determine the number of hours worked or the amount of wages owed by
19 failing to maintain records and provide itemized wage statements that show all hours worked,
20 the applicable rates in effect, and the corresponding number of hours worked at each rate and
21 correct wages for PLAINTIFFS and similarly-situated employees.  DEFENDANTS further
22 violated California Labor Code section 226 by failing to identify the name and address of the
23 legal entity that is the employer of PLAINTIFFS and DEFENDANTS' employees on their
24 wage statements.  Pursuant to California Labor Code sections 226, subdivision (e), 226.3, and
25 1174.5, DEFENDANTS are liable for civil penalties.

26     43.    Further, California Labor Code sections 206, 206.5 and 2804 prohibit
27 DEFENDANTS from seeking or obtaining business expenses and wage releases unless
28

1   PLAINTIFFS and similarly-situated employees have already received payment of the expenses
2   and wages due.

3          44.    On information and belief, DEFENDANTS were on notice of the improprieties
4   alleged herein and intentionally refused to rectify their unlawful policies.  DEFENDANTS'
5   violations alleged above, during all relevant times herein, were willful and deliberate.

6          45.    Unless this case proceeds as a class action, DEFENDANTS will likely continue
7   their illegal labor law violations with impunity.  PLAINTIFFS and the classes are therefore
8   entitled to class-wide remedy, including injunctive relief, monetary damages, and all statutory
9   penalties, plus interest, attorneys' fees and all other costs associated with DEFENDANTS'
10  misconduct.

11         46.    The procedural requirements of a PAGA claim, pursuant to California Code of
12  Civil Procedure section 2699.3, subdivision (a), require first that the aggrieved employee or
13  representative shall give written notice by certified mail to the California Labor and Workforce
14  Development Agency and the employer(s).  PLAINTIFFS have met this requirement.

15         47.    Second, the procedural requirements, pursuant to California Code of Civil
16  Procedure section 2699.3, subdivision (a)(1)(2)(A), provides that:

17                 The  agency  shall  notify  the  employer  and  the  aggrieved
18                 employee  or  representative  by  certified  mail  that  it  does  not
19                 intend to investigate the alleged violation within 60 calendar days
20                 of the postmark date of the notice received pursuant to paragraph
21                 (1). Upon receipt of that notice or if no notice is provided within
22                 65  calendar  days  of  the  postmark  date  of  the  notice  given
23                 pursuant  to  paragraph  (1),  the  aggrieved  employee  may
24                 commence a civil action pursuant to Section 2699.

25         48.    PLAINTIFFS Enriquez and Jones satisfied the procedural requirements of
26  California Labor Code section 2699.3 subdivision (a)(1)(2)(A), by serving, via certified mail,
27  the Labor and Workforce Development Agency ("LWDA") and DEFENDANTS with notice of
28  their claims for wage and hour violations and penalties on January 3, 2017.  On November 27,

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

1  2017, Plaintiffs Enriquez and Jones served, via certified mail and online submission, the

2  LWDA and DEFENDANTS with notice of additional claims under Labor Code sections 204

3  and 246.  Plaintiffs Enriquez, Jones, and Sharpe then served, via certified mail and online

4  submission, the LWDA and DEFENDANTS with notice of additional claims under Labor

5  Code sections 206, 206.5, and 2804 on January 31, 2018.  As of the date of the filing of the

6  Second Amended Class Action Complaint for Damages, which is more than sixty-five (65)

7  days after serving notice of PLAINTIFFS' claims, PLAINTIFFS Enriquez and Jones have not

8  yet received any notice of the Labor and Workforce Development Agency's intent to

9  investigate their PAGA claims.  As such, PLAINTIFFS Enriquez and Jones have complied

10 with the administrative requirements of PAGA.

11                            **CLASS ACTION ALLEGATIONS**

12      49.    This action is maintainable as a class action pursuant to California Code of Civil

13 Procedure section 382 as to claims for unpaid minimum wages, unpaid overtime wages, unpaid

14 wages for all hours worked, unlawfully deducted wages, unpaid vacation wages, failure to

15 reimburse business expenses, meal and rest period violations, itemized wage statement

16 violations, penalties and attorneys' fees and costs under the California Labor Code, Business

17 and Professions Code, and the FLSA.  PLAINTIFFS bring this action on behalf of themselves

18 and all others similarly situated because there is a well-defined community of interest in the

19 litigation and the proposed class is easily ascertainable.

20      50.    PLAINTIFFS seek to represent the following classes:

21             (a)    All current and former employees of DEFENDANTS that

22                    have been paid on a commission-basis in California within four

23                    (4) years of the date of commencement of this action, through the

24                    date of final disposition of this action (the "Commission Class");

25             (b)    All current and former employees of DEFENDANTS in

26                    California that earned and accrued vacation within four (4) years

27                    of the date of commencement of this action, through the date of

28                    final disposition of this action (the "Vacation Class");

(c)      All current and former employees of DEFENDANTS in California that received a wage statement within one (1) year of the date of commencement of this action, through the date of final disposition of this action (the "Wage Statement Class"); and,

(d)      All current and former employees of DEFENDANTS that have been paid on a commission-basis in the United States of America within three (3) years of the date of commencement of this action, through the date of final disposition of this action (the "FLSA Class").

51.     PLAINTIFFS also seek to represent the following subclasses within the Commission Class:

(a)      All current and former employees that have been paid on a commission-basis and who were not paid for all hours worked, and at hourly wage rates below the minimum wage rate;

(b)      All current and former employees that have been paid on a commission-basis and who were not paid one and one-half and/or two times their regular rate of pay for all overtime hours worked;

(c)      All current and former employees that have been paid on a commission-basis and who had sales commissions deducted from their pay without an express agreement to repay wages;

(d)      All current and former employees that were required to forfeit their accrued vacation and/or who did not receive pay for vested vacation at the time of termination;

(e)      All current and former employees that have been paid on a commission-basis and who were required to purchase and maintain their own tools (i.e. cell phone) and were not paid an

16

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

hourly wage rate of at least double the minimum wage rate for all hours worked;

(f)    All current and former employees that have been paid on a commission-basis and who were required to incur business expenses (e.g. cell phone, shipping costs) and were not reimbursed for the cost of the business expense;

(g)    All current and former employees that have been paid on a commission-basis and who have been denied compensation for rest period violations under California Labor Code section 512 and the applicable IWC Wage Order;

(h)    All current and former employees that have been paid on a commission-basis and who were paid less than one hour of compensation at their regular rate of pay for meal period violations under California Labor Code section 512 and the applicable IWC Wage Order;

(i)    All current and former employees that have been paid on a commission-basis and who were not provided with accurate wage statements;

(j)    All current and former employees that have been paid on a commission-basis and who were not provided with final wages at the time of separation of employment; and

(k)    All current and former employees that have been given a settlement agreement and release of business expenses and wages that were concededly due.

Excluded from the FLSA Class, Commission Class, Vacation Class, and Wage Statement Class are DEFENDANTS' officers, subsidiaries, affiliates, and any entity which DEFENDANTS have a controlling interest.

///

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

52.     PLAINTIFFS reserve the right under California Rules of Court, rule 3.765, subdivision (b), to amend or modify the class descriptions with greater specificity of further division into subclasses or limitation to particular issues.

**Numerosity of Class**

53.     The employees in the FLSA Class, Commission Class, Vacation Class, and Wage Statement Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such employees is unknown, PLAINTIFFS believe that hundreds of employees would fall within the putative classes.  The exact number is easily ascertained from DEFENDANTS' own employment records, which are presently within the control of DEFENDANTS.  Furthermore, upon application by PLAINTIFFS' counsel for certification of the classes, the Court may be requested to also incorporate subclasses in the interest of justice and judicial economy.

**Existence and Predominance of Common Questions of Fact and Law**

54.     Common questions of law and fact exist as to the FLSA Class, Commission Class, Vacation Class, and Wage Statement Class members that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a)     Whether DEFENDANTS violated the California Labor Code, IWC Wage Order, and the FLSA as a result of the allegations described in this Complaint;

(b)     Whether DEFENDANTS violated the California Labor Code and IWC Wage Order by failing to compensate PLAINTIFFS and the Commission Class the minimum wage for all hours worked;

(c)     Whether DEFENDANTS violated the California Labor Code and IWC Wage Order by failing to pay overtime wages for all hours worked in excess of eight in one workday or forty in one workweek or for the first eight hours of the seventh consecutive day of work to PLAINTIFFS and the Commission Class;

(d)     Whether DEFENDANTS violated the FLSA by failing to pay overtime wages for all hours worked in excess of forty (40) in one workweek to PLAINTIFFS and the FLSA Class;

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

(e)    Whether DEFENDANTS violated the California Labor Code by failing provide PLAINTIFFS and the Commission Class with paid vacation and sick days;

(f)    Whether DEFENDANTS violated the California Labor Code and IWC Wage Order by secretly paying a lower wage to PLAINTIFFS and the Commission Class;

(g)    Whether DEFENDANTS violated the California Labor Code and IWC Wage Order by deducting wages from PLAINTIFFS and the Commission Class without an express written agreement to repay commission wages;

(h)    Whether DEFENDANTS violated the California Labor Code and IWC Wage Order by requiring PLAINTIFFS and the Vacation Class to forfeit accrued vacation and failing to pay PLAINTIFFS and the Vacation Class wages for vested vacation at the time of termination;

(i)    Whether DEFENDANTS violated the California Labor Code and IWC Wage Order by failing to compensate PLAINTIFFS and the Commission Class that were required to purchase their own tools (i.e. cell phone) needed to perform the required functions of the job at an hourly wage rate at least double the minimum wage rate;

(j)    Whether DEFENDANTS violated the California Labor Code and IWC Wage Order by failing to reimburse PLAINTIFFS and the Commission Class for necessarily-incurred business expenses (e.g. cell phones, shipping costs);

(k)    Whether DEFENDANTS violated the California Labor Code and IWC Wage Order by failing to provide uninterrupted 30-minute meal periods to PLAINTIFFS and the Commission Class and failing to compensate said employees one hour of wages at their regular rate in lieu of meal periods;

(l)    Whether DEFENDANTS violated the California Labor Code and IWC Wage Order by failing to provide paid rest periods to PLAINTIFFS and the Commission Class for every four hours or major fraction thereof worked and failing to compensate said employees one hour of wages at their regular rate in lieu of rest periods;

///

///

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

(m)    Whether DEFENDANTS violated the California Labor Code and IWC Wage Order by failing to pay all earned wages due and/or premium wages due and owing at the time the employment of any member of the Commission Class was terminated;

(n)    Whether DEFENDANTS violated the California Labor Code by failing to pay all earned commissions when they were due;

(o)    Whether DEFENDANTS violated the California Labor Code and IWC Wage Order by failing to, among other things, maintain accurate records of PLAINTIFFS' and the Commission Class' earned wages, itemize all wages earned, all applicable hourly rates in effect, and the corresponding number of hours worked at each rate;

(p)    Whether DEFENDANTS violated the California Labor Code and IWC Wage Order by failing to identify the name and address of the legal entity that is the employer of the Wage Statement Class on their wage statements;

(q)    Whether DEFENDANTS violated the California Labor Code by failing to pay, without condition, amounts concededly owed to PLAINTIFFS and the Commission Class and additionally requiring the execution of a release of non-waivable business expenses and wages that were concededly due;

(r)    Whether DEFENDANTS violated section 17200 et seq. of the California Business and Professions Code by the violations of California and Federal law;

(s)    Whether PLAINTIFFS and the classes are entitled to damages, restitution, wages, statutory penalties, premium wages, declaratory, injunctive and declaratory relief, attorneys' fees, interest, and costs, and other relief pursuant to California Labor Code and IWC Wage Order, California Business and Professions Code sections 17200 et seq., and the FLSA; and,

(t)    The nature and extent of class-wide injuries and the measure of damages, restitution and disgorgement for the injuries.

55.    There are no individualized factual or legal issues for the Court to resolve that would prevent this case from proceeding as a class action.

///

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

**Typicality**

56.     The claims of PLAINTIFFS are typical of the claims of the classes they seek to represent.  PLAINTIFFS and the classes sustained injuries and damages arising out of and caused by DEFENDANTS' common course of conduct in violation of California and Federal laws.  PLAINTIFFS and the classes work, or have worked, for DEFENDANTS as employees in DEFENDANTS' furniture showrooms.  The primary responsibilities and obligations of PLAINTIFFS, the FLSA Class, and the Commission Class are and were to sell furniture and/or other products, for which PLAINTIFFS, the FLSA Class, and the Commission Class earned commissions.  However, a significant amount of PLAINTIFFS, the FLSA Class, and the Commission Class' actual working time was spent engaging in tasks for which commissions could not be earned, such as waiting for customers to visit the showrooms and resolving customer service issues.  PLAINTIFFS, the FLSA Class, and the Commission Class have the same rights to be paid for all hours worked based upon California wage and hour laws and the FLSA.  PLAINTIFFS, the FLSA Class, and the Commission Class have not been credited or compensated for all their work performed for the benefit of DEFENDANTS.  PLAINTIFFS, the FLSA Class, Commission, and Vacation Class have suffered damages, including unpaid minimum wages, unpaid overtime wages, unlawful wage deductions, unpaid vacation wages, unpaid premiums for meal and rest breaks, and unreimbursed business expenses resulting from DEFENDANTS' wrongful conduct.  In addition, PLAINTIFFS, the FLSA Class, and the Commission Class are entitled to equitable relief, as permitted by law, because DEFENDANTS' violations of state statutes have harmed the FLSA and Commission Classes and constitute an unfair business practice, especially when compared to those competitors who comply with wage and hour laws.

**Adequacy**

57.     PLAINTIFFS will fairly and adequately represent and protect the interests of the classes.  PLAINTIFFS have retained counsel competent and experienced in complex class actions, and labor and employment litigation.

///

21

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

1    **Superiority**

2        58.    A class action is superior to other available methods for the fair and efficient

3    adjudication of this litigation.    The class members have been damaged and are entitled to

4    recovery as a result of DEFENDANTS' common and uniform unlawful policies, practices and

5    procedures.  Although the relative damages suffered by individual class members are not de

6    minimis, such damages are small compared to the expense and burden of individual

7    prosecution of this litigation.    An individual plaintiff may lack the financial resources to

8    vigorously prosecute a lawsuit against a corporate defendant to recover such damages.  Even if

9    the individual class members could afford to prosecute their claims separately, such individual

10   prosecutions would constitute a waste of the judicial resources.  In addition, class litigation is

11   superior because it will obviate the need for unduly duplicative litigation that might result in

12   inconsistent judgments about DEFENDANTS' practices.

13                          **CAUSES OF ACTION**

14                       **FIRST CAUSE OF ACTION**

15                   **FAILURE TO PAY MINIMUM WAGE**

16   **(Violation of California Labor Code §§ 1194, 1197 and IWC Wage Order 7-2001 § 4)**

17   **(PLAINTIFFS, individually and on behalf of the Commission Class, against ROCHE-**

18   **BOBOIS U.S.A., LTD., EUROPEAN CALIFORNIA FURNITURE, LTD., INPALA, INC.**

19                   **and Does 1 through 30, inclusive)**

20       59.    PLAINTIFFS re-allege and incorporate by reference each and every allegation

21   set forth in all the foregoing paragraphs as if fully set forth herein.

22       60.    At all times relevant herein, DEFENDANTS were required to compensate

23   PLAINTIFFS and the Commission Class for all hours worked up to eight (8) in a day and forty

24   (40) in a week, at no less than the applicable minimum wage rate.

25       61.    DEFENDANTS failed to pay PLAINTIFFS and the Commission Class

26   minimum wage for all hours worked.  In particular, PLAINTIFFS and the Commission Class

27   were not paid for time spent regularly performing tasks other than selling furniture and for

28   which no commissions could be earned.    When commission work was unavailable,

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

PLAINTIFFS and the Commission Class were required to remain at work and wait for customers for the entirety of their scheduled shift. They were also required to perform the following tasks: submit purchase orders to DEFENDANTS' factories and manage follow-up communications regarding the orders; communicate with DEFENDANTS' customers regarding the status of their orders; prepare designs for projects; update the showroom's tagging and marketing store tools; coordinate with DEFENDANTS' customer service department regarding customer issues/complaints and follow up with DEFENDANTS' customers regarding service requests; learn ROCHE BOBOIS' new collections; travel to clients' homes to conduct house calls; and, attend mandatory meetings. PLAINTIFFS and the Commission Class did not earn commissions while they were waiting for customers and performed the foregoing tasks. As required by law, PLAINTIFFS and the Commission Class were entitled to separate hourly compensation for time spent waiting for commission work or performing non-commissionable tasks directed by DEFENDANTS during their work shifts.

62. California Labor Code section 1197, entitled "Pay of Less Than Minimum Wage" states:

> "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

63. The applicable minimum wages fixed by the commission is found in section 4 of the IWC Wage Orders which state that:

> "Every employer shall pay to each employee wages not less than nine dollars ($9.00) per hour for all hours worked, effective July 1, 2014, and not less than ten dollars ($10.00) per hour for all hours worked, effective January 1, 2016 ..."

///

///

///

///

23

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

64.    Further, PLAINTIFFS and the Class were required to provide and maintain their own tools (i.e. cell phones). Pursuant to section 9 of IWC Wage Order 7-2001, PLAINTIFFS and the Class are therefore entitled to double the above-rates:

> "When tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer, except that an employee whose wages are at least two (2) times the minimum wage provided herein may be required to provide and maintain hand tools and equipment customarily required by the trade or craft."

65.    The minimum wage provisions of California Labor Code are enforceable by private civil action pursuant to California Labor Code section 1194, subdivision (a), which states:

> "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit."

66.    As described in California Labor Code sections 1185 and 1194.2, any action for wages incorporates the applicable Wage Order of the California IWC.

67.    California Labor Code section 1194.2 also provides for the following remedies:

> "In any action under Section ... 1194 ... to recover wages because of the payment of a wage less than the minimum wages fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

68.    DEFENDANTS had the ability to pay minimum wages to PLAINTIFFS and the Commission Class for all hours worked and have willfully refused to pay such wages with the intent to secure for DEFENDANTS a discount upon this indebtedness with the intent to annoy, harass, oppress, hinder, delay, or defraud PLAINTIFFS and the Commission Class. PLAINTIFFS and the Commission Class have suffered and continue to suffer substantial losses related to the use and enjoyment of such compensation and lost interest on such wages.

69.    WHEREFORE, PLAINTIFFS and the Commission Class are entitled to recover the unpaid minimum wages (including double minimum wages), liquidated damages in an amount equal to the minimum wages unlawfully unpaid, interest thereon, civil penalties and reasonable attorneys' fees and costs of suit pursuant to California Labor Code sections 558, 1194, subdivision (a) and 2698, et seq.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY STATUTORY/CONTRACTUAL WAGE

**(Violation of California Labor Code §§ 221, 223 and IWC Wage Order 7-2001 § 4)**

**(PLAINTIFFS, individually and on behalf of the Commission Class, against ROCHE-BOBOIS U.S.A., LTD., EUROPEAN CALIFORNIA FURNITURE, LTD., INPALA, INC. and Does 1 through 30, inclusive)**

70.    PLAINTIFFS re-allege and incorporate by reference each and every allegation set forth in all the foregoing paragraphs as if fully set forth herein.

71.    California Labor Code sections 221 and 223 require DEFENDANTS to pay PLAINTIFFS and the Commission Class all hours worked at either the statutory or agreed rate and prohibit DEFENDANTS from using any part of the agreed rate as a credit against its minimum wage obligations.

72.    Pursuant to IWC Wage Order 7-2001 section 2, subdivision (g), "Hours worked" means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not require to do so.

73.    DEFENDANTS failed to properly compensate PLAINTIFFS and the Commission Class for all hours worked, as required by California law. PLAINTIFFS and the

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

Commission Class only earned commissions by selling furniture. However, PLAINTIFFS and the Commission Class were required to perform tasks for which they could not earn a commission. In particular, PLAINTIFFS and the Commission Class were required to perform tasks such as: submitting purchase orders to DEFENDANTS' factories and managing follow-up communications regarding the orders; communicating with DEFENDANTS' customers regarding the status of their orders; preparing designs for projects; updating the showroom's tagging and marketing store tools; coordinating with DEFENDANTS' customer service department regarding customer issues/complaints and following up with DEFENDANTS' customers regarding service requests; learning ROCHE BOBOIS' new collections; travel to clients' homes to conduct house calls; and, attending mandatory meetings. DEFENDANTS' compensation scheme failed to compensate PLAINTIFFS and the Commission Class for all hours worked because it did not pay for the time spent under the control of DEFENDANTS while performing mandatory tasks during which they did not earn commission compensation.

74.    Additionally, DEFENDANTS also failed to properly compensate PLAINTIFFS and the Commission Class at their agreed upon rate when they: (1) paid them a six percent (6%) commission on all full price sales instead of the agreed upon seven percent (7%) commission on full price sales; (2) made deductions for returns, cancellations, and gift card credits from commissions where they did not have an express provision to take such action; and, (3) failed to provide paid vacation days as was agreed upon.

75.    In violation of California Labor Code sections 221 and 223, DEFENDANTS did not pay PLAINTIFFS and the Commission Class for all hours worked; rather, DEFENDANTS secretly paid PLAINTIFFS and the Commission Class a lower wage than agreed to because they failed to separately compensate PLAINTIFFS and the Commission Class for all hours worked during which PLAINTIFFS and the Commission Class could not earn commission compensation and were required to remain at work and perform non-sales tasks. Nor did DEFENDANTS pay PLAINTIFFS and the Commission Class their agreed upon wages of seven percent (7%) commissions on full price sales and paid vacation days.

///

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

76.    DEFENDANTS knowingly and intentionally failed to compensate PLAINTIFFS and the Commission Class for all wages earned and all hours worked. As a result of DEFENDANTS' failure to pay PLAINTIFFS and the Commission Class at the proper commission rate, for vacation days, and for all hours worked at their statutory or agreed rate, PLAINTIFFS and the Commission Class have suffered and continue to suffer substantial losses related to the use and enjoyment of such compensation and lost interest on such monies.

77.    WHEREFORE, PLAINTIFFS and the Commission Class are entitled to recover the unpaid wages, interest thereon, civil penalties and reasonable attorneys' fees and costs of suit pursuant to California Labor Code sections 218.5, 218.6, 558 and 2698, et seq.

### THIRD CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES

**(Violation of California Labor Code §§ 510, 1194, 1198 and IWC Wage Order 7-2001 § 3)**

**(PLAINTIFFS, individually and on behalf of the Commission Class, against ROCHE-BOBOIS U.S.A., LTD., EUROPEAN CALIFORNIA FURNITURE, LTD., INPALA, INC. and Does 1 through 30, inclusive)**

78.    PLAINTIFFS re-allege and incorporate by reference each and every allegation set forth in all the foregoing paragraphs as if fully set forth herein.

79.    DEFENDANTS failed to pay PLAINTIFFS and the Commission Class overtime wages for all hours worked in excess of eight in one workday or forty in one workweek. In particular, PLAINTIFFS and the Commission Class were not paid for time spent regularly performing tasks other than selling furniture and for which no commissions could be earned. When commission work was unavailable, PLAINTIFFS and the Commission Class were required to remain at work and wait for customers for the entirety of their scheduled shift. They were also required to perform the following tasks: submit purchase orders to DEFENDANTS' factories and manage follow-up communications regarding the orders; communicate with DEFENDANTS' customers regarding the status of their orders; prepare designs for projects; update the showroom's tagging and marketing store tools; coordinate with DEFENDANTS' customer service department regarding customer issues/complaints and

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

1  follow up with DEFENDANTS' customers regarding service requests; learn ROCHE
2  BOBOIS' new collections; travel to clients' homes to conduct house calls; and, attend
3  mandatory meetings. PLAINTIFFS and the Commission Class did not earn commissions while
4  they were waiting for customers and performed the foregoing tasks. As required by law,
5  PLAINTIFFS and the Commission Class were entitled to separate hourly compensation for
6  time spent waiting for commission work or performing non-commissionable tasks directed.

7      80.    Additionally, when PLAINTIFFS' earnings for all hours did not exceed one and
8  one-half (1½) times the minimum wage, DEFENDANTS improperly failed to pay overtime
9  wages.

10     81.    California Labor Code section 510, subdivision (a) provides, in pertinent part:
11            Eight hours of labor constitutes a day's work. Any work in excess
12            of eight hours in one workday and any work in excess of 40
13            hours in any one workweek and the first eight hours worked on
14            the seventh day of work in any one workweek shall be
15            compensated at the rate of no less than one and one-half times the
16            regular rate of pay for an employee. Any work in excess of 12
17            hours in one day shall be compensated at the rate of no less than
18            twice the regular rate of pay for an employee.

19     82.    Pursuant to subdivision 2(H) of the applicable IWC Wage Order, "hours
20  worked" include the time during which an employee is subject to the control of an employer,
21  and includes all the time the employee is suffered or permitted to work, whether or not required
22  to do so.

23     83.    Subdivision 3(A)(1)(a)-(b) of the applicable IWC Wage Order requires that
24  overtime hours be compensated as follows:
25            (a) One and one-half (1 ½) times the employee's regular rate of
26            pay for all hours worked in excess of eight (8) hours up to and
27            including 12 hours in any workday, and for the first eight (8)

28

28
SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

hours worked on the seventh (7th) consecutive day of work in a workweek; and

(b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

84. By DEFENDANTS' conduct described in this Complaint, DEFENDANTS violated the provisions of California Labor Code sections 510, 1194, 1198 and the IWC Wage Orders, by employing PLAINTIFFS and the Commission Class in excess of the limits provided by the law without time and one half or double time pay of regular rates.

85. WHEREFORE, PLAINTIFFS and the Commission Class are entitled to recover the unpaid overtime wages in an amount to be determined at trial, interest thereon, civil penalties, and reasonable attorney's fees and costs of suit pursuant to California Labor Code sections 558, 1194 subdivision (a), 1194.2, and 2698, et seq.

**FOURTH CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME WAGES**

**(Violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.)**

**(PLAINTIFFS, individually and on behalf of the FLSA Class, against ROCHE-BOBOIS U.S.A., LTD. and Does 1 through 30, inclusive)**

86. PLAINTIFFS re-allege and incorporate by reference each and every allegation set forth in all the foregoing paragraphs as if fully set forth herein.

87. The Fair Labor Standards Act, 29 U.S.C. section 207 subsection (a)(1), provides in pertinent part:

...no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce...for a workweek longer than forty hours unless such employee receives compensation for his employment in

29

excess of the hours above specified at a rate not less than one and

one-half time the regular rate at which he is employed.

88.    DEFENDANTS are employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. sections 206 subsection (a) and 207 subsection (a).

89.    At all relevant times, PLAINTIFFS and the FLSA Class were or have been employees of DEFENDANTS within the meaning of 29 U.S.C. sections 203 subsection (e) and 207 subsection (a)

90.    During PLAINTIFFS and the FLSA Class' employment with DEFENDANTS, PLAINTIFFS and the FLSA Class worked in excess of forty (40) hours per workweek without overtime compensation.  Despite being aware of the hours worked by PLAINTIFFS and the FLSA Class, DEFENDANTS willfully suffered and permitted them to work in violation of the FLSA, and failed and refused to pay PLAINTIFFS and the FLSA Class overtime compensation.  In so doing, DEFENDANTS also wholly and willfully failed to accurately track and record PLAINTIFFS' and the FLSA Class' actual time worked.

91.    In failing to accurately record, report, and/or preserve records of hours worked by PLAINTIFFS and the FLSA Class, DEFENDANTS also failed to make, keep, and preserve records with respect to PLAINTIFFS and FLSA Class members sufficient to determine their wages, hours, and other conditions and practices of employment.

92.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. section 255 subdivision (a).

93.    By DEFENDANTS' conduct described in this Complaint, DEFENDANTS violated the provisions of the FLSA, 29 U.S.C. sections 207 and 211 subdivision (c) by employing PLAINTIFFS and the FLSA Class in excess of the limits provided by the law without time and one-half pay of regular rates.

94.    WHEREFORE, PLAINTIFFS and the FLSA Class are entitled to recover the unpaid overtime wages in an amount to be determined at trial, liquidated damages from three (3) years immediately preceding the filing of this action, plus interest thereon and reasonable

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

1  attorneys' fees and costs of suit pursuant to 29 U.S.C. sections 216 subdivision (b) and 255
2  subdivision (a).

### FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE PAID SICK DAYS

#### (Violation of California Labor Code § 246)

**(PLAINTIFFS, individually and on behalf of the Commission Class, against ROCHE-BOBOIS U.S.A., LTD., EUROPEAN CALIFORNIA FURNITURE, LTD., INPALA, INC. and Does 1 through 30, inclusive)**

95.    PLAINTIFFS re-allege and incorporate by reference each and every allegation set forth in all the foregoing paragraphs as if fully set forth herein.

96.    California Labor Code section 246, subsection (a)(1) provides that employees who, on or after July 1, 2015, work in California for the same employer for thirty (30) or more days within a year from the commencement of employment are entitled to paid sick days.

97.    DEFENDANTS never provided PLAINTIFFS and the Commission Class with separate compensation for days they were sick and entitled to pay pursuant to Labor Code section 246. Throughout the employment relationship, DEFENDANTS only paid Plaintiffs and Commission Class members their *commissions*. Any fixed draws that DEFENDANTS paid PLAINTIFFS and Commission Class members were deducted from their earned commissions. As a result, PLAINTIFF and Commission Class members were never provided with paid sick days, in direct violation of California Labor Code section 246.

98.    WHEREFORE, DEFENDANTS are liable for pre-judgment interest, civil penalties, attorneys' fees, and costs of suit pursuant to California Labor Code sections 248.5 and 2698, et seq.

///
///
///
///
///

31

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

## SIXTH CAUSE OF ACTION

### UNLAWFUL DEDUCTION OF WAGES

**(Violation of California Labor Code §§ 221, 223, 224 and Business & Professions Code §§ 17200 et seq.)**

**(PLAINTIFFS, individually and on behalf of the Commission Class, against ROCHE-BOBOIS U.S.A., LTD., EUROPEAN CALIFORNIA FURNITURE, LTD., INPALA, INC. and Does 1 through 30, inclusive)**

99.     PLAINTIFFS re-allege and incorporate by reference each and every allegation set forth in all the foregoing paragraphs as if fully set forth herein.

100.    California Labor Code sections 221, 223 and 224 require DEFENDANTS to pay PLAINTIFFS and the Commission Class all hours worked at either the statutory or agreed rate and prohibit DEFENDANTS from deducting any portion of PLAINTIFFS and the Commission Class' wages without an express written agreement.

101.    California Labor Code section 221 states:

It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee.

102.    California Labor Code section 224 permits any portion of wages be withheld or diverted from an employee's pay only when required or empowered to do so by state or federal law or when a deduction is expressly authorized in writing by the employee when such deduction does not amount to a rebate or deduction from the standard wage pursuant to wage agreement or statute.

103.    DEFENDANTS violated California Labor Code sections 221, 223, 224 and Business and Professions Code sections 17200, et seq. by unlawfully deducting PLAINTIFFS' wages without an express written agreement.   DEFENDANTS unlawfully required PLAINTIFFS and the Commission Class to repay earned and paid commission wages without an express agreement or policy.   Additionally, DEFENDANTS made deductions from

1    PLAINTIFFS' and the Commission Class' commissions for returns, cancellations, and gift card

2    credits without an express agreement or policy.

3        104.    As a direct result of DEFENDANTS' violations, PLAINTIFFS and the

4    Commission Class have suffered substantial losses related to the use and enjoyment of

5    compensation due and owing to them.

6        105.    WHEREFORE, PLAINTIFFS and the Commission Class are entitled to recover

7    the unlawfully deducted wages in an amount to be determined at trial.  DEFENDANTS are

8    further liable for pre-judgment interest, civil penalties, attorneys' fees, and costs of suit

9    pursuant to California Labor Code sections 218., 218.6, 558, and 2698, et seq.

10                            **SEVENTH CAUSE OF ACTION**

11                    **FAILURE TO PAY VESTED VACATION WAGES**

12                    **(Violation of California Labor Code § 227.3)**

13       **(PLAINTIFFS, individually and on behalf of the Vacation Class, against ROCHE-**

14   **BOBOIS U.S.A., LTD., EUROPEAN CALIFORNIA FURNITURE, LTD., INPALA, INC.**

15                        **and Does 1 through 30, inclusive)**

16       106.    PLAINTIFFS re-allege and incorporate by reference each and every allegation

17   set forth in all the foregoing paragraphs as if fully set forth herein.

18       107.    Under California law, vacation pay is another form of wages which vests as it is

19   earned.  Upon termination of employment, all earned and unused vacation must be paid to the

20   employee at the final rate of pay.  Pursuant to California Labor Code section 227.3, an

21   employer is prohibited from forfeiting the vested vacation of an employee.

22       108.    At all relevant times herein, DEFENDANTS systematically required

23   PLAINTIFFS and the Vacation Class to forfeit vested vacation time.  DEFENDANTS'

24   vacation pay policy sets forth in relevant part, that "Vacation should be taken in the calendar

25   year accrued.  Any unused vacation days will be forfeited." As a result, DEFENDANTS do not

26   allow employees to carry over any unused vacation time from year to year because

27   DEFENDANTS' vacation policy forces their employees to "use it or lose it."

28   ///

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

109.    In violation of the applicable sections of the California Labor Code, DEFENDANTS, as a matter of corporate policy, practice and procedure, intentionally, knowingly and systematically failed to properly compensate Plaintiffs Enriquez and Jones and former employees of the Vacation Class for all earned and accumulated vacation upon termination of their employment because DEFENDANTS had in place a company-wide "use it or lose it" vacation policy and practice.    Plaintiffs Enriquez and Jones and the former employees of the Vacation Class thereby forfeited earned wages as a result of DEFENDANTS' standardized policies, practices and procedures alleged herein.

110.    The above-mentioned uniform and systematic policies, practices and procedures of DEFENDANTS were intended to purposefully avoid the payment of wages required by California law which allows DEFENDANTS to illegally profit and gain an unfair advantage over competitors.

111.    Pursuant to California Labor Code section 227.3, PLAINTIFFS and the Vacation Class are entitled upon termination to payment of vacation time that has vested prior to termination.    DEFENDANTS have required PLAINTIFFS to forfeit vested vacation time on an annual basis and thus failed to pay Plaintiffs Enriquez and Jones and the former employees of Vacation Class all vacation time that had vested upon termination of their employment.

112.    WHEREFORE, Plaintiffs Enriquez and Jones and all the former employees of the Vacation Class are entitled to recover wages for all the vacation time that had vested prior to termination of their employment in accordance with Labor Code section 227.3.

113.    WHEREFORE, PLAINTIFFS and all the current employees of the Vacation Class are entitled to declaratory and all other equitable relief, including full restitution and/or disgorgement of the accrued vacation time which has been unlawfully forfeited by PLAINTIFFS and current employees of the Vacation Class.

114.    DEFENDANTS are further liable for pre-judgment interest, civil penalties, civil attorneys' fees, and costs of suit pursuant to California Labor Code sections 218.5, 218.6, 558, and 2698, et seq.

///

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

## EIGHTH CAUSE OF ACTION

### FAILURE TO PROVIDE PAID REST PERIODS OR COMPENSATION IN LIEU THEREOF

(Violation of California Labor Code §§ 226.7 and IWC Wage Order 7-2001 § 12)

(PLAINTIFFS, individually and on behalf of the Commission Class, against ROCHE-BOBOIS U.S.A., LTD., EUROPEAN CALIFORNIA FURNITURE, LTD., INPALA, INC. and Does 1 through 30, inclusive)

115.    PLAINTIFFS re-allege and incorporate by reference each and every allegation set forth in all the foregoing paragraphs as if fully set forth herein.

116.    California Labor Code section 226.7 states:

"No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the IWC."

117.    If an employer fails to provide an employee a rest period in accordance with the applicable IWC Wage Order, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each rest period that is not provided.

118.    The IWC Wage Order states with regards to rest periods:

(a)    Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period ... Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

(b)    If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

119.    As a result of DEFENDANTS' company-wide policies and practices, PLAINTIFFS and the Commission Class were regularly compelled to work over a four-hour

35

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

1    period (or a major fraction thereof) without an authorized or permitted paid rest period, as

2    required by California Labor Code sections 226.7, 512 and IWC Wage Order 7-2001.

3    As a matter of policy and practice, DEFENDANTS did not pay PLAINTIFFS and the

4    Commission Class for any rest periods because they were not paid any commissions for time

5    spent taking rest breaks and they were not separately compensated for their rest breaks.

6    *Bluford v. Safeway Stores, Inc.* (2013) 216 Cal. App. 4th 864, 872 (employees compensated on

7    a commission or piece rate basis must be *separately compensated for rest breaks* at either the

8    state minimum wage or their contractual wage.).

9         120.    Additionally, there was no policy or procedure for relieving a commission-paid

10   employee if the employee was working with a customer for a period of time that prohibited the

11   employee from taking a rest break.

12        121.    PLAINTIFFS and, on information and belief, the Commission Class they seek

13   to represent, did not voluntarily or willfully waive rest periods.  Any express or implied

14   waivers obtained from PLAINTIFFS and/or the Commission Class were not willfully obtained,

15   were not voluntarily agreed to, were a condition of employment, or were part of an unlawful

16   contract of adhesion.  DEFENDANTS did not provide, permit or authorize PLAINTIFFS and,

17   on information and belief, the Commission Class to take paid rest periods in accordance with

18   the law.

19        122.    As a result of the unlawful acts of DEFENDANTS, PLAINTIFFS and the

20   Commission Class have been deprived of wages, which is an amount resulting directly from the

21   acts complained of.

22        123.    Because DEFENDANTS failed to authorize and permit paid rest periods, it is

23   liable to PLAINTIFFS and the Commission Class for one hour of additional pay at the regular

24   rate of compensation for each workday that the paid rest period that was not provided pursuant

25   to California Labor Code sections 226.7 and 512, and the IWC Wage Order.  PLAINTIFFS and

26   the Commission Class are further entitled to restitution in the amount of ten minutes of pay

27   time for each rest period that DEFENDANTS did not authorize or permit.

28   ///

124.    DEFENDANTS are further liable for civil penalties and reasonable attorneys' fees and costs of suit pursuant to California Labor Code sections 558 and 2698, et seq.

## NINTH CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF

**(Violation of California Labor Code §§ 226.7, 512 and IWC Wage Order 7-2001 § 11)**

**(PLAINTIFFS, individually and on behalf of the Commission Class, against ROCHE-BOBOIS U.S.A., LTD., EUROPEAN CALIFORNIA FURNITURE, LTD., INPALA, INC. and Does 1 through 30, inclusive)**

125.    PLAINTIFFS re-allege and incorporate by reference each and every allegation set forth in all the foregoing paragraphs as if fully set forth herein.

126.    At all times relevant herein, California Labor Code section 512 provides that "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes ..."

127.    Further, California Labor Code section 226.7 provides:

(a)    No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b)    If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided."

128.    Subdivision 11 of the applicable IWC's Wage Orders provides as follows:

"(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes...

37

> "(B) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided..."

129.    PLAINTIFFS and the Commission Class were not provided time to take an off-duty thirty (30) minute meal break during work shifts that lasted at least five hours. PLAINTIFFS and the Commission Class were not provided time to take a second off-duty thirty (30) minute meal break during work shifts that lasted at least ten hours.

130.    As a result of DEFENDANTS' company-wide policies and practices, PLAINTIFFS and the Commission Class were regularly compelled to work more than five hours without being provided with an uninterrupted 30-minute meal break, as required by California Labor Code sections 226.7, 512 and IWC Wage Order 7-2001.

131.    DEFENDANTS did not maintain any policy or procedure for relieving a commission-paid employee if the employee was working with a customer as the employee's sixth hour of work approached.  Similarly, there was no policy or procedure for relieving a commission-paid employee for a second meal break if the employee was working with a customer as the employee's eleventh hour of work approached.

132.    As a result of DEFENDANTS' failure to comply with the meal period regulations set forth in the IWC Wage Orders and California Labor Code, each Commission Class member was entitled to one hour of additional pay at the regular rate of compensation for each uninterrupted off-duty meal period that was not provided pursuant to California Labor Code sections 226.7 and 512, and the IWC Wage Orders.  However, DEFENDANTS' failed to pay PLAINTIFFS and the Commission Class for one hour of additional pay at the regular rate of compensation for each uninterrupted off-duty meal period that was not provided. PLAINTIFFS and the Commission Class are further entitled to restitution in the amount of thirty minutes of pay time for each meal period that DEFENDANTS did not provide.

///

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

133.    DEFENDANTS are further liable for civil penalties and reasonable attorneys' fees and costs of suit pursuant to California Labor Code sections 558 and 2698, et seq.

**TENTH CAUSE OF ACTION**

**FAILURE TO REIMBURSE BUSINESS EXPENSES**

**(Violation of California Labor Code § 2802)**

**(PLAINTIFFS, individually and on behalf of the Commission Class, against ROCHE-BOBOIS U.S.A., LTD., EUROPEAN CALIFORNIA FURNITURE, LTD., INPALA, INC. and Does 1 through 30, inclusive)**

134.    PLAINTIFFS re-allege and incorporate by reference each and every allegation set forth in all the foregoing paragraphs as if fully set forth herein.

135.    California Labor Code section 2802 requires DEFENDANTS to indemnify its employees for all expenses that the employees necessarily expend as a direct result of discharge of their employment duties or at the direction of the employer.

136.    PLAINTIFFS and the Commission Class used, and still use, their cell phones for business purposes, such as calling clients.  The cell phone expenses are, and were, necessarily incurred by PLAINTIFFS and the Commission Class in the discharge of their duties.  During the class period, DEFENDANTS had a policy and practice of not reimbursing PLAINTIFFS and the Commission Class for their cell phone expenses.

137.    PLAINTIFFS and the Commission Class also incurred the costs of shipping furniture on the behalf of DEFENDANTS' customers.  The foregoing expenses are, and were, necessarily incurred by PLAINTIFFS and the Commission Class in the discharge of their duties.  During the class period, DEFENDANTS had a policy and practice of not reimbursing PLAINTIFFS and the Commission Class for shipping costs that they incurred on the behalf of DEFENDANTS' customers.

138.    As a proximate result of DEFENDANTS' conduct, PLAINTIFFS and the Commission Class have suffered monetary loss and been deprived of their property in the form of unreimbursed expenses in an amount according to proof.

///

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

139.    WHEREFORE, PLAINTIFFS and the Commission Class are entitled to recover the costs of the business expenses and attorneys' fees, costs and interest pursuant to California Labor Code sections 218.5, 218.6, and 2802, subdivision (c), for pursuit of this action.

140.    DEFENDANTS are further liable for civil penalties, attorneys' fees, and costs of suit pursuant to California Labor Code sections 558 and 2698 et seq.

## ELEVENTH CAUSE OF ACTION

### FAILURE TO MAINTAIN PAYROLL RECORDS AND PROVIDE ITEMIZED WAGE STATEMENTS

**(Violation of California Labor Code §§ 226, 1174, and IWC Wage Order 7-2001 § 7)**

**(PLAINTIFFS, individually and on behalf of the Commission Class and Wage Statement Class, against ROCHE-BOBOIS U.S.A., LTD., EUROPEAN CALIFORNIA FURNITURE, LTD., INPALA, INC. and DOES 1 through 30, inclusive)**

141.    PLAINTIFFS re-allege and incorporate by reference each and every allegation set forth in all the foregoing paragraphs as if fully set forth herein.

142.    California Labor Code section 226, subdivision (a), states:

> "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the IWC, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

1          item, (5) net wages earned, (6) the inclusive dates of the period

2          for which the employee is paid, (7) the name of the employee and

3          his or her social security number, except that by January 1, 2008,

4          only the last four digits of his or her social security number or an

5          employee identification number other than a social security

6          number may be shown on the itemized statement, (8) the name

7          and address of the legal entity that is the employer ..., and (9) all

8          applicable hourly rates in effect during the pay period and the

9          corresponding number of hours worked at each hourly rate by the

10         employee ... The deductions made from payments of wages shall

11         be recorded in ink or other indelible form, properly dated,

12         showing the month, day, and year, and a copy of the statement or

13         a record of the deductions shall be kept on file by the employer

14         for at least three years at the place of employment or at a central

15         location within the State of California."

16      143.   In addition, section 1174 of the California Labor Code, and subdivision 7 of the

17  IWC Wage Orders, require DEFENDANTS to maintain and preserve, in a centralized location,

18  among other items, records showing the names and addresses of all employees employed,

19  payroll records showing the hours worked daily by and the wages paid to its employees, and

20  time records accurately recording meal periods.  DEFENDANTS have created a uniform

21  practice of knowingly and intentionally failing to comply with California Labor Code section

22  1174.  The failure of DEFENDANTS, and each of them, to comply with California Labor Code

23  section 1174 is unlawful pursuant to California Labor Code section 1175.  When an employer

24  fails to keep such records, employees may establish the hours worked solely by their testimony

25  and the burden of overcoming such testimony shifts to the employer.  *Hernandez v. Mendoza*

26  (1988) 199 Cal.App.3d 721.

27      144.   DEFENDANTS knowingly and intentionally failed to furnish itemized

28  statements that accurately reflected: the name and address of the legal entity that is the

employer; gross wages earned; the net wages earned; all applicable hourly rates in effect during the pay period; and/or the corresponding number of hours worked at each hourly rate by the employee, as required by California Labor Code section 226, subdivision (a).

145.    By failing to furnish accurate itemized statements as required by California Labor Code sections 226 and 1174, subdivision (d), and the IWC Wage Orders, DEFENDANTS have injured PLAINTIFFS and the classes.    DEFENDANTS' failure to provide accurate and complete information could not have promptly and easily been determined from the wage statement alone and thus PLAINTIFFS and the classes have suffered injury pursuant to California Labor Code 226, subdivision (e)(2)(B). DEFENDANTS' misrepresentations and inaccuracies have deprived PLAINTFF and classes of information they are entitled to and making it difficult for the Commission Class to calculate the unpaid wages due.

146.    As a result, DEFENDANTS are liable to PLAINTIFFS and the classes for actual damages pursuant to California Labor Code section 226, subdivisions (e) and (g). DEFENDANTS are also liable for civil penalties and reasonable attorneys' fees, costs and interest pursuant to California Labor Code sections 226.3, 558, 1174.5 and 2698, et seq., in the amount to be proven at trial.

## TWELFTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY WAGES

#### (Violation of California Labor Code §§ 201-203)

**(PLAINTIFFS, individually and on behalf of the Vacation and Commission Class, against ROCHE-BOBOIS U.S.A., LTD., EUROPEAN CALIFORNIA FURNITURE, LTD., INPALA, INC. and Does 1 through 30, inclusive)**

147.    PLAINTIFFS re-allege and incorporate by reference each and every allegation set forth in all the foregoing paragraphs as if fully set forth herein.

148.    California Labor Code section 201, subdivision (a) provides, in pertinent part:

If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

42

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

149. California Labor Code section 202, subdivision (a), provides, in pertinent part:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

150. DEFENDANTS willfully failed to timely pay Plaintiffs Enriquez and Jones and the former employees within the Vacation and Commission Class all of their wages due for work performed, vacation days taken, and accrued vacation at the time of termination. This failure continued through the time in which Plaintiffs Enriquez and Jones and many members of the Vacation and Commission Class quit or were discharged from their employment with DEFENDANTS. As a result, DEFENDANTS violated California Labor Code section 201 and/or 202.

151. California Labor Code section 203 states:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days… Suit may be filed for these penalties at any

43

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

time before the expiration of the statute of limitations on any

action for the wages from which the penalties arose.

152.    As noted above, DEFENDANTS violated California Labor Code sections 201 and/or 202 by failing to pay Vacation and Commission Class members who quit or were involuntarily terminated, all of the wages due pursuant to the timelines provided in those sections.  DEFENDANTS willfully failed to pay all wages due as the failure to pay was not inadvertent or accidental.

153.    Plaintiffs Enriquez and Jones and the Vacation and Commission Class they seek to represent are entitled to compensation for all forms of wages earned, including, but not limited to, compensation for all hours worked, unpaid overtime wages, unpaid vacation wages, underpaid premium wages for meal periods that DEFENDANTS did not provide, additional wages for unprovided paid rest periods, and other claims described in this Complaint.  But, to date, Plaintiffs Enriquez and Jones and the Vacation and Commission Class have not received such compensation, therefore entitling them to penalties under California Labor Code section 203.

154.    More than thirty (30) days have passed since Plaintiffs Enriquez and Jones and many affected members of the Vacation and Commission Class have left DEFENDANTS' employ, and on information and belief, have not received payment pursuant to California Labor Code sections 201, 202 and/or 203.  As a consequence of DEFENDANTS' willful conduct in not paying all earned wages, Plaintiffs Enriquez and Jones and the former employees within the Vacation and Commission Class are entitled to thirty (30) days wages as a premium wage or penalty under California Labor Code section 203.

155.    Additionally, under California Labor Code section 204, all wages earned, *including commissions*, between the 1st and the 15th days, inclusive, of any calendar month are due and payable between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month are due and payable between the 1st and 10th day of the following month.  See also,

1    *Peabody v. Time Warner Cable, supra*, 59 Cal. 4th at 668.  Commissions are owed when they

2    are earned and are due twice during each calendar month.  *Ibid.*

3         156.    DEFENDANTS willfully failed to timely pay PLAINTIFFS and Commission

4    Class for commissions earned.  Commissions earned by PLAINTIFFS and Commission Class

5    between the 1st and 15th day of a month should have been paid between the 16th and 26th day of

6    the month.  However, DEFENDANTS routinely paid commissions earned between the 1st and

7    15th of a month, on the last workday of the following month; more than a month after they were

8    lawfully due.  Additionally, though commissions earned between the 16th and the last day of the

9    month should have been paid between the 1st and 10th day of the following month, they too

10   were routinely paid on the last workday of the following month; almost a month after they were

11   lawfully due.  DEFENDANTS' payroll practices are in direct violation of California Labor

12   Code section 204, subdivision (a).

13        157.    WHEREFORE, PLAINTIFFS and the Vacation and Commission Class they

14   seek to represent are entitled to California Labor Code section 203 penalties in amounts to be

15   determined at trial and attorneys' fees, costs and interest pursuant to California Labor Code

16   sections 218.5.

17        158.    DEFENDANTS are further liable for civil penalties and reasonable attorney's

18   fees and costs of suit pursuant to California Labor Code sections 218.5 and 2698, et seq.

19                        **THIRTEENTH CAUSE OF ACTION**

20   **UNLAWFUL RELEASE OF WAGES AND EXPENSES BROUGHT UNDER PAGA**

21                    **(California Labor Code § 2698, et seq.)**

22    **(PLAINTIFF MICHELLE SHARPE, individually and on behalf of all aggrieved**

23    **employees and the general public through PAGA, against ROCHE-BOBOIS U.S.A.,**

24    **LTD., EUROPEAN CALIFORNIA FURNITURE, LTD., INPALA, INC. and Does 1**

25                      **through 30, inclusive)**

26        159.    PLAINTIFFS re-allege and incorporate by reference each and every allegation

27   set forth in all the foregoing paragraphs as if fully set forth herein.

28   ///

                                   45
                   SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

160.    PLAINTIFFS seek the recovery of penalties on behalf of themselves and aggrieved employees under PAGA for Defendants violation of Labor Code sections 206, 206.5 and 2804.  PAGA permits an "aggrieved employee" to bring a lawsuit on behalf of himself or herself and other current and/or former employees, on a representative basis, to address an employer's violation(s) of the Labor Code and to recover a civil penalty for the violations. Aggrieved employee includes all current and former employees that have worked for DEFENDANTS in California during the applicable liability period ("Aggrieved Employees").

161.    California Labor Code section 206 states:

> In case of a dispute over wages, the employer shall pay, without condition and within the time set by this article, all wages, or parts thereof, conceded by him to be due, leaving to the employee all remedies he might otherwise be entitled to as to any balance claimed.

162.    California Labor Code section 206.5 states:

> An employer shall not require the execution of a release of a claim or right on account of wages due, or to become due, or made as an advance on wages to be earned, unless payment of those wages has been made.  A release required or executed in violation of the provisions of this section shall be null and void as between the employer and the employee. Violation of this section by the employer is a misdemeanor.

163.    California Labor Code section 2804 states:

> Any contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof, is null and void.

164.    DEFENDANTS required Plaintiff Michelle Sharpe and Aggrieved Employees to sign a "Release Agreement" in exchange for amounts that were undisputedly owed as a result of DEFENDANTS' failure to pay all necessary expenditures or losses incurred by the Aggrieved Employees, including Ms. Sharpe, in direct consequence of the discharge of its

46

1    duties and all the undisputed wages that were due.  If Plaintiff Michelle Sharpe and Aggrieved

2    Employees did not sign the "Release Agreement," they received nothing.

3        165.    DEFENDANTS knowingly and intentionally violated California Labor Code

4    sections 206 and 2804 by failing to pay, without condition, amounts concededly owed when

5    Plaintiff Michelle Sharpe and the Aggrieved Employees were not paid all necessary

6    expenditures or losses incurred in direct consequence of the discharge of their duties and all the

7    undisputed wages that were due.  DEFENDANTS also knowingly and intentionally violated

8    California Labor Code sections 206.5 and 2804 by requiring the execution of a release in

9    exchange for wages that were concededly due and business expenses.  Therefore, all releases

10   signed by any Aggrieved Employees are null and void.

11       166.    WHEREFORE, Plaintiff Michelle Sharpe and all Aggrieved Employees are

12   entitled to civil penalties and reasonable attorneys' fees and costs of suit pursuant to California

13   Labor Code section 2698, et seq. only.

**FOURTEENTH CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW**

**(Business & Professions Code §§ 17200 et seq.)**

**(PLAINTIFFS, individually and on behalf of the Vacation and Commission Class, against**

**ROCHE-BOBOIS U.S.A., LTD., EUROPEAN CALIFORNIA FURNITURE, LTD.,**

**INPALA, INC. and Does 1 through 30, inclusive)**

20       167.    PLAINTIFFS re-allege and incorporate by reference each and every allegation

21   set forth in all the foregoing paragraphs as if fully set forth herein.

22       168.    DEFENDANTS engaged in unlawful activity prohibited by California Business

23   and Professions Code section 17200 et seq.  The actions of DEFENDANTS as alleged within

24   this Complaint constitute unlawful and unfair business practices with the meaning of California

25   Business and Professions Code sections 17200 et seq.

26   ///

27   ///

28   ///

47

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

169.    As described above, DEFENDANTS have conducted the following unlawful activities:

(a)    violation of California Labor Code sections 1197, 1194 and IWC Wage Order 7-2001 by failing to pay at least the minimum wage for all hours worked by PLAINTIFFS and the Commission Class;

(b)    violation of California Labor Code section 1182.11 and IWC Wage Order 7-2001 by failing to pay minimum wages to PLAINTIFFS and the Commission Class;

(c)    violation of California Labor Code sections 221 and 223 by secretly paying a lower wage to PLAINTIFFS and the Commission Class while purporting to pay the wage designated by statute or by contract;

(d)    violation of California Labor Code sections 221 and 223 by deducting PLAINTIFFS and the Commission Class' sales commissions without an express written agreement or promise to repay wages;

(e)    violation of California Labor Code sections 227.3 by subjecting employees to unlawful "use it or lose it" vacation policy and failing to pay wages to PLAINTIFFS and the Vacation Class for vested vacation at the time of termination;

(f)    violation of California Labor Code sections 510, 1194, and 1198 by failing to pay overtime wages to PLAINTIFFS and the Commission Class;

(g)    violation of the FLSA, 29 U.S.C. section 207 by failing to pay overtime wages to PLAINTIFFS and the FLSA Class;

(h)    violation of California Labor Code section 246 by failing to provide PLAINTIFFS and the Commission Class with paid sick days;

(i)    violation of California Labor Code sections 226.7 and 512 by failing to provide PLAINTIFFS and the Commission Class with uninterrupted 30-minute meal breaks mandated by the IWC Wage Order 7-2001;

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

(j)     violation of California Labor Code section 226.7 by failing to provide PLAINTIFFS and the Commission Class with paid rest periods mandated by the IWC Wage Order 7-2001;

(k)     violation of California Labor Code section 2802 by failing to reimburse PLAINTIFFS and the Commission Class for all expenses reasonably incurred in the course of performing their job duties;

(l)     violation of California Labor Code sections 201 and 202 by failing to pay all wages earned and unpaid at the time Plaintiffs Enriquez and Jones and certain members of the Vacation and Commission Class were separated from their employment with DEFENDANTS;

(m)    violation of California Labor Code section 204 by failing to pay PLAINTIFFS and Commission Class members all commissions earned between the 1st and the 15th days, inclusive, of any calendar month between the 16th and the 26th day of the month during which the labor was performed, and commissions earned between the 16th and the last day, inclusive, of any calendar month between the 1st and 10th day of the following month;

(n)     violation of California Labor Code sections 204 and 206 by failing to pay, without condition and within the time set by the applicable article, all wages, or parts thereof, conceded by DEFENDANTS to be due to PLAINTIFFS and the Vacation and Commission Class; and,

(o)     violation of California Labor Code sections 206.5 and 2804 by requiring the execution of a release in exchange for business expenses and wages that were concededly due to Plaintiff Michelle Sharpe and certain members of the Commission Class.

170.    DEFENDANTS' activities also constitute unfair practices in violation of California Business and Professions Code section 17200 et seq., because DEFENDANTS' practices violate the above-noted laws, and/or violate an established public policy and/or the

49

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

1  practice is immoral, unethical, oppressive, unscrupulous, and substantially injurious to

2  PLAINTIFFS and the Vacation and Commission Class.

3      171.  As a result of DEFENDANTS' violations of the California Labor Code,

4  PLAINTIFFS have suffered injury-in-fact and have lost money or property as a result of

5  DEFENDANTS' practices.  This injury-in-fact and loss of money or property consists of the

6  lost wages and other restitutionary remedies provided by the California Labor Code as detailed

7  in this Complaint and other resulting harms.  A tally of these damages cannot readily be

8  determined as the employment records are held exclusively or nearly exclusively in

9  DEFENDANTS' control.  PLAINTIFFS are entitled to restitution, declaratory and other

10  equitable relief against such unlawful practices to prevent future damage for which there is no

11  adequate remedy at law, and to avoid a multiplicity of lawsuits.  PLAINTIFFS are also seeking

12  in the alternative, by this class action, restitutionary disgorgement of such monies into a fluid

13  recovery fund.

14      172.  As a result of its unlawful acts, DEFENDANTS have reaped and continue to

15  reap unfair benefits and unlawful profits at the expense of PLAINTIFFS and the Vacation and

16  Commission Class.  DEFENDANTS should be enjoined from this activity and made to

17  disgorge these ill-gotten gains and restore to PLAINTIFFS and the Vacation and Commission

18  Class the wrongfully withheld wages pursuant to Business and Professions Code section 17203.

19  PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANTS are unjustly

20  enriched through their failure to pay legal wages, and/or other remedies.  PLAINTIFFS are

21  informed and believe, and thereon allege, that PLAINTIFFS and the Vacation and Commission

22  Class are prejudiced by DEFENDANTS' unfair trade practices.

23      173.  As a direct and proximate result of the unfair business practices of

24  DEFENDANTS, and each of them, PLAINTIFFS, individually and on behalf of all employees

25  similarly situated, are entitled to equitable and injunctive relief, including full restitution and/or

26  disgorgement of all wages which have been unlawfully withheld from PLAINTIFFS and the

27  Vacation and Commission Class as a result of the business acts and practices described herein

28  and enjoining DEFENDANTS to cease and desist from engaging in the practices described

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

1   herein for the maximum time permitted pursuant to Business and Professions Code section

2   17208, including any tolling.

3       174.    The unlawful and unfair conduct alleged herein is continuing, and there is no

4   indication that DEFENDANTS will refrain from such activity in the future.    PLAINTIFFS

5   believe and allege that if DEFENDANTS are not enjoined from the conduct set forth in this

6   Complaint, they will continue to violate California labor laws.

7       175.    WHEREFORE, PLAINTIFFS and the Vacation and Commission Class they

8   seek to represent request relief as described herein and below.

9                          **FIFTEENTH CAUSE OF ACTION**

10        **CALIFORNIA LABOR CODE PRIVATE ATTORNEYS GENERAL ACT**

11                    **(California Labor Code § 2698, et seq.)**

12       **(PLAINTIFF MICHELLE SHARPE, individually and on behalf of all Aggrieved**

13       **Employees and the general public through PAGA, against ROCHE-BOBOIS U.S.A.,**

14       **LTD., EUROPEAN CALIFORNIA FURNITURE, LTD., INPALA, INC. and Does 1**

15                              **through 30, inclusive)**

16       176.    PLAINTIFFS re-allege and incorporate by reference each and every allegation

17   set forth in all the foregoing paragraphs as if fully set forth herein.

18       177.    PLAINTIFFS submit this Second Amended Class Action Complaint for

19   Damages to include allegations pursuant to California Labor Code section 2698 et seq., the

20   Private Attorneys General Act of 2004.    As described above, PLAINTIFFS have complied with

21   all of the administrative requirements.

22       178.    PLAINTIFFS are aggrieved employees as defined in California Labor Code

23   section 2699, subdivision (a).    PLAINTIFFS bring this case on behalf of themselves and other

24   current or former aggrieved employees affected by the labor law violations alleged in this

25   Complaint.

26       179.    California Labor Code section 2699, subdivision (f), provides, in pertinent part:

27              For all provisions of this code except those for which a civil

28              penalty is specifically provided, there is established a civil

                                         51

penalty for a violation of these provisions, as follows: . . . (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

180.    PLAINTIFFS also seek civil penalties as provided under applicable California Labor Code sections for violations of the California Labor Code and Wage Orders alleged herein pursuant to California Labor Code section 2699, subdivision (a).  To the extent that any violation alleged herein does not carry a penalty, PLAINTIFFS seek civil penalties pursuant to California Labor Code section 2699, subdivision (f), for PLAINTIFFS and other current or former employees for violations of those sections.  PLAINTIFFS are also entitled to an award of attorneys' fees and costs as set forth below.

181.    PLAINTIFFS' PAGA claim does not require class certification because these claims are held by the named Plaintiffs and on the behalf primarily of the State of California in this action.  Indeed, seventy-five percent (75%) of the net penalties obtained through PAGA accrue to the State of California.  Both the language of PAGA and the express intent of the Legislature indicate that an aggrieved employee may bring an action on behalf of other employees without complying with the requirements of a class action.  California Labor Code section 2699 specifically states that an aggrieved employee may bring an action on behalf of other employees, "[n]otwithstanding any other provision of law…"  The wording of the PAGA, which authorizes an aggrieved employee to bring an action "on behalf of himself or herself and other current or former employees… [,]" is similar to the former wording of Business and Professions Code section 17204, which authorized a person to bring an action "acting for the interests of itself, its members or the general public."  The Legislature has made clear that an action under the PAGA is in the nature of an enforcement action, with the aggrieved employee acting as a Private Attorney General to collect penalties from employers who violate labor laws.  Such an action is fundamentally a law enforcement action designed to protect the public

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

1    and penalize DEFENDANTS for past illegal conduct. Restitution is not the primary object of a

2    PAGA action. An action under the PAGA is not for the purpose of recovering damages, but

3    only for the recovery of a civil penalty. Further, PAGA recoveries do not preclude an

4    employee from pursuing any other claim he/she may have available under the law, including

5    those for any unpaid wages.

6         182.    As such, PLAINTIFFS individually hold a substantive right to bring PAGA

7    claims by standing in the shoes of, and on behalf of, the State of California to enforce

8    California labor laws.

9                          **PRAYER FOR RELIEF**

10        WHEREFORE, PLAINTIFFS, on behalf of themselves and the classes they seek to

11   represent in this Complaint, request the following relief:

12              1.    That the Court determine this action be maintained as a

13                   class action under California Code of Civil Procedure section 382

14                   with the named PLAINTIFFS appointed as class representative;

15              2.    For the attorneys appearing on the above-caption to be

16                   named class counsel;

17              3.    For a declaratory judgment that DEFENDANTS have

18                   violated the minimum wage provisions of California Labor Code

19                   sections 510, 1194 and Industrial Welfare Commission Wage

20                   Orders as to the PLAINTIFFS and the Commission Class;

21              4.    For a declaratory judgment that DEFENDANTS have

22                   violated the overtime provisions of California Labor Code

23                   sections 510, 1194, 1198 and Industrial Welfare Commission

24                   Wage Orders as to the PLAINTIFFS and the Commission Class

25                   by failing to pay overtime wages;

26              5.    For a declaratory judgment that DEFENDANTS have

27                   violated the overtime provisions of the FLSA, 29 U.S.C. section

28

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

201 et seq., as to the PLAINTIFFS and the FLSA Class by failing to pay overtime wages;

6.    For a declaratory judgment that DEFENDANTS have violated California Labor Code section 246 by failing to provide PLAINTIFFS and the Commission Class with paid sick days;

7.    For a declaratory judgment that DEFENDANTS have violated California Labor Code sections 221 and 223 by failing to pay PLAINTIFFS and the Commission Class for all hours worked at the statutory or contractual agreed rate;

8.    For a declaratory judgment that DEFENDANTS have violated California Labor Code sections 221, 223 and 224 by deducting PLAINTIFFS and the Commission Class' sales commissions without an express written agreement or promise to repay wages;

9.    For a declaratory judgment that DEFENDANTS have violated California Labor Code section 227.3 requiring PLAINTIFFS and the Vacation Class to forfeit accrued vacation and by failing to pay wages to PLAINTIFFS and the Vacation Class for vested vacation at the time of termination;

10.    For a declaratory judgment that DEFENDANTS have violated California Labor Code sections 226.7, 512, and Industrial Welfare Commission Wage Orders by failing to authorize and permit PLAINTIFFS and the Commission Class to take paid rest periods;

11.    For a declaratory judgment that DEFENDANTS have violated California Labor Code sections 226.7, 512, and Industrial Welfare Commission Wage Orders as to the PLAINTIFFS and the Class by failing to provide PLAINTIFFS

54

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

and the Commission Class with uninterrupted 30-minute meal breaks;

12.     For a declaratory judgment that DEFENDANTS have violated California Labor Code section 2802 by failing to reimburse PLAINTIFFS and the Commission Class for all necessary business expenses incurred;

13.     For a declaratory judgment that DEFENDANTS have violated California Labor Code sections 226 and 1174 by failing maintain accurate records and failing to timely furnish PLAINTIFFS and the Commission Class with itemized statements accurately showing the gross and net wages earned, and/or all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate;

14.     For a declaratory judgment that DEFENDANTS have violated California Labor Code section 226 by failing to timely furnish PLAINTIFFS and the Wage Statement Class with itemized statements accurately showing the name and address of the legal entity that is the employer;

15.     For a declaratory judgment that DEFENDANTS have violated California Labor Code sections 201, 202 and 203 for its willful failure to pay all compensation owed at the time of separation of employment of PLAINTIFFS and the former employees within the Vacation and Commission Class;

16.     For a declaratory judgment that DEFENDANTS have violated California Labor Code section 204 by willfully failing to pay PLAINTIFFS' and the Commission Class' earned commissions in a timely manner;

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

17. For a declaratory judgment that DEFENDANTS' violations have been willful and that the Court award to PLAINTIFFS and the Commission Class damages for the amount of unpaid compensation, including interest thereon, and damages for failure to furnish accurate itemized wage statements and penalties subject to proof at trial;

18. For declaratory judgment that DEFENDANTS have violated California Labor Code sections 206, 206.5 and 2804 by failing to pay, without condition, business expenses and amounts concededly owed to PLAINTIFFS and the Commission Class and additionally requiring the execution of a release of unwaivable statutory right;

19. That DEFENDANTS be ordered and enjoined to pay all business expenses and wages concededly due pursuant to California Labor Code sections 2802 and 206;

20. That DEFENDANTS further be enjoined to cease and desist from obtaining a release of business expenses and wages concededly due in violation of California Labor Code sections 206.5 and 2804;

21. For a declaratory judgment that DEFENDANTS have violated California Business and Professions Code section 17200 by failing to pay the Commission Class members minimum, contractual, and overtime compensation, by failing to provide paid vacation and sick days, by unlawfully deducting wages without an express written agreement, by failing to authorize and permit paid rest periods, by failing to provide meal periods, by failing to reimburse business expenses, by failing to timely pay

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

wages, and by requiring the execution of a release in exchange for business expenses and wages that were concededly due;

22.    That DEFENDANTS be ordered and enjoined to pay restitution to PLAINTIFFS and the Vacation and Commission Class due to DEFENDANTS' unlawful, unfair and/or fraudulent activities pursuant to California Business and Professions Code sections 17200-17205;

23.    That DEFENDANTS further be enjoined to cease and desist from all unlawful, unfair or fraudulent activities in violation of California Business and Professions Code section 17200, pursuant to section 17203;

24.    That PLAINTIFFS and the classes be awarded reasonable attorneys' fees and costs pursuant to California Labor Code sections 1194, 218.5, 226, and 2698 et seq, California Code of Civil Procedure section 1021.5, 29 U.S.C. section 216 subsection (b), and/or other applicable law;

25.    For premium pay, wages, penalties and liquidated damages;

26.    That the Court award both prejudgment and post-judgment interest;

27.    For costs of suit herein incurred;

28.    For all other relief provided by the California Labor Code, and California Business and Professions Code; and,

29.    That the Court award such other and further relief as the Court may deem appropriate.

///
///
///

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

**DEMAND FOR JURY TRIAL**

PLAINTIFFS hereby demand trial of their and the classes' claims by jury to the extent authorized by law.

DATED: February 20, 2018                    BERENJI LAW FIRM, APC

By: _____
SHADIE L. BERENJI
OSCAR A. BUSTOS
BRITTANEE A. MARKSBURY
Attorney for Plaintiffs JESSICA
ENRIQUEZ and DAMION JONES,
individually, and on behalf of all other
persons similarly situated and the
general public

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES