1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   JEFFREY S. RANEN, SB# 224285
2     E-Mail: Jeffrey.Ranen@lewisbrisbois.com
   BRENDAN T. SAPIEN, SB# 274247
3     E-Mail: Brendan.Sapien@lewisbrisbois.com
   AMANDA C. KOZIOL, SB# 300863
4     E-Mail: Amanda.Koziol@lewisbrisbois.com
   633 West 5th Street, Suite 4000
5  Los Angeles, California 90071
   Telephone:  213.250.1800
6  Facsimile:   213.250.7900

7  Attorneys for Defendants ROCHE-
   BOBOIS USA, LTD. ("ROCHE-
8  BOBOIS"), EUROPEAN CALIFORNIA
   FURNITURE, LTD., INPALA, INC,
9  RBPASADENA, LLC, and ORANGE
   COAST DESIGN, LLC

10

11              UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13

| | |
|---|---|
| 14  JESSICA ENRIQUEZ and DAMION JONES, individually and on behalf of all others similarly situated, and the general public, | CASE NO. 2:18-cv-02389-DSF-KS *Assigned to Hon. Dale S. Fischer Courtroom 7D* |
| 16          Plaintiffs, | **DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED CLASS ACTION COMPLAINT FOR DAMAGES** |
| 17          vs. | |
| 18  ROCHE-BOBOIS USA, LTD. ("ROCHE-BOBOIS"), a New York corporation; European California Furniture, LTD., a California corporation; INPALA, INC., a California corporation and DOES 1 through 30, inclusive, | |
| 21 | Removal Filed:     March 23, 2018 |
| 22          Defendants. | Trial Date:          October 29, 2019 |

23

24

25       Defendants ROCHE-BOBOIS U.S.A., LTD. ("ROCHE-BOBOIS"),

26  EUROPEAN CALIFORNIA FURNITURE, LTD., INPALA, INC., ORANGE

27  COAST DESIGN, LLC, and RBPASADENA, LLC (hereinafter "Defendants"), by

28  and through their counsel of record, answer to the Third Amended Class Action

**LEWIS**
**BRISBOIS**
**BISGAARD**
**& SMITH LLP**
ATTORNEYS AT LAW

4838-8218-3022.1

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

Complaint ("TAC") of Plaintiffs JESSICA ENRIQUEZ, DAMION JONES, MICHELLE SHARPE, and DAMIAN DEBLIS (hereinafter "Plaintiffs") as follows:

## INTRODUCTION

1.     In answer to Paragraph 1, Defendants need not address Plaintiffs' summary of the action.  To the extent that any averment in Paragraph 1 is deemed to require a response, Defendants admit that Plaintiffs seek recovery on behalf of themselves and a putative class of California employees based on the alleged wage and hour violations stated therein.  Except as expressly admitted herein, Defendants deny each and every allegation of Paragraph 1.

2.     In answer to Paragraph 2, Defendants need not address Plaintiffs' summary of the action.  To the extent that any averment in Paragraph 2 is deemed to require a response, Defendants admit that Plaintiffs seek recovery on behalf of themselves and a putative class of California employees based on the alleged wage and hour violations stated therein.  Except as expressly admitted herein, Defendants deny each and every allegation of Paragraph 2.

3.     In answer to Paragraph 3, Defendants need not address Plaintiffs' summary of the action.  To the extent that any averment in Paragraph 3 is deemed to require a response, Defendants admit that the acts complained of by Plaintiffs purport to span a time period from four (4) years preceding the filing of the original Complaint.  Except as expressly admitted herein, Defendants deny each and every allegation of Paragraph 3.

## JURISDICTION AND VENUE

4.     In answer to Paragraph 4, Defendants deny the allegations as Defendants removed this matter from the Superior Court of California due to federal question jurisdiction.

5.     In answer to Paragraph 5, Defendants admit that Defendant Roche-Bobois U.S.A., Ltd. is a New York Corporation.  Except as expressly admitted herein, Defendants deny each and every allegation of Paragraph 5.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4838-8218-3022.1

2

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

6.      Defendants admit to the allegations in Paragraph 6 of the TAC.

7.      In answer to Paragraph 7, Defendants deny the allegations as Defendants removed this matter from the Superior Court of California due to federal question jurisdiction.  Defendants admit that the alleged acts and omissions alleged in the TAC took place in Los Angeles County.  Defendants deny the remaining allegations in Paragraph 7.

## THE PARTIES

8.      In answer to Paragraph 8, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegation that Plaintiff Jessica Enriquez is or was a resident of the County of Los Angeles, State of California, and on that basis deny said allegation.  Except as expressly admitted, Defendants deny all allegations in Paragraph 8 of the TAC.

9.      In answer to Paragraph 9, Defendants admit that Plaintiff Enriquez was employed by Defendant INPALA, INC. until January 11, 2016.  Except as expressly admitted here, Defendants deny each and every allegation of Paragraph 9.

10.      In answer to Paragraph 10, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegation that Plaintiff Damion Jones is or was a resident of the County of Los Angeles, State of California, and on that basis deny said allegation.  Except as expressly admitted, Defendants deny all allegations in Paragraph 10 of the TAC.

11.      In answer to Paragraph 11, Defendants admit that Plaintiff Jones was employed by Defendant INPALA, INC. beginning in February 2015.  Except as expressly admitted here, Defendants deny each and every allegation of Paragraph 11.

12.      In answer to Paragraph 12, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegation that Plaintiff Michelle Sharpe is or was a resident of the County of Los Angeles, State of

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   13.   California, and on that basis deny said allegation.  Except as expressly

2   admitted, Defendants deny all allegations in Paragraph 12.

3   14.   In answer to Paragraph 13, Defendants admit that Plaintiff Sharpe was

4   employed by Defendant INPALA, INC. beginning in June 2016.  Except as

5   expressly admitted here, Defendants deny each and every allegation of Paragraph

6   13.

7   15.   In answer to Paragraph 14, Defendant is without sufficient knowledge

8   or information upon which to form a belief as to the truth of the allegation that

9   Plaintiff Damian DeBlis is or was a resident of the County of Los Angeles, State of

10  California, and on that basis deny said allegation.  Except as expressly admitted,

11  Defendants deny all allegations in Paragraph 14.

12  16.   In answer to Paragraph 15, Defendants admit that Plaintiff DeBlis was

13  employed by Defendant ORANGE COAST DESIGN, LLC. beginning in July 2011.

14  Except as expressly admitted here, Defendants deny each and every allegation of

15  Paragraph 15.

16  17.   In answer to Paragraph 16, Defendants admit that some, but not all, of

17  Plaintiffs obligations and responsibilities included, but were not limited to: selling

18  high-end home furnishing to Defendants' customers; submitting purchase orders to

19  Defendants' factories and managing follow-up communications regarding said

20  orders; communicating with Defendants' customers regarding the status of their

21  furniture orders; preparing designs for projects; updating the showroom's tagging

22  and marketing store tools; coordinating with Defendants' customer service

23  department regarding customer service issues/complaints and following up with

24  Defendants' customers regarding service requests; learning Roche Bobois' new

25  collections; and, attending mandatory meetings.   Except as expressly admitted here,

26  Defendants deny each and every allegation of Paragraph 16.

27  18.   In answer to Paragraph 17, Defendants deny each and every allegation

28  contained therein.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4838-8218-3022.1

4

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

19.     In answer to Paragraph 18, Defendants need not address Plaintiffs' summary of the action.  Moreover, Defendants state that the paragraph contains no factual allegations and therefore requires no response.  To the extent that any averment in Paragraph 18 is deemed to require a response, Defendants deny each and every allegation contained therein.

20.     In answer to Paragraph 19, Defendant admits that Defendants EUROPEAN CALIFORNIA FURNITURE, LTD., INPALA, INC., ORANGE COAST DESIGN, LLC, AND RBPASADENA, LLC employ numerous employees in the State of California that are paid on a commission-basis.  Except as expressly admitted here, Defendants deny each and every allegation of Paragraph 19.

21.     In answer to Paragraph 20, Defendants deny each and every allegation contained therein.

22.     Defendants admit to the allegations in Paragraph 21 of the TAC.

23.     Defendants admit to the allegations in Paragraph 22 of the TAC.

24.     Defendants admit to the allegations in Paragraph 23 of the TAC.

25.     Defendants admit to the allegations in Paragraph 24 of the TAC.

26.     In answer to Paragraph 23, Defendant admits that Defendants EUROPEAN CALIFORNIA FURNITURE, LTD., INPALA, INC., ORANGE COAST DESIGN, LLC, AND RBPASADENA, LLC are licensed to conduct business within the State of California and do, in fact, conduct business within the State of California.  Except as expressly admitted here, Defendants deny each and every allegation of Paragraph 25.

27.     In answer to Paragraph 26, Defendants admit that Plaintiffs Enriquez, Jones, and Sharpe were employed by Defendant INPALA, INC., Plaintiff DeBlis was employed by ORANGE COAST DESIGN, LLC, and the putative class members were employed by EUROPEAN CALIFORNIA FURNITURE, LTD., INPALA, INC., ORANGE COAST DESIGN, LLC, AND RBPASADENA, LLC

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4838-8218-3022.1

5

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

1  for four (4) years prior to the commencement of the action.  Except as
2  expressly admitted herein, Defendants deny each and every allegation of Paragraph
3  26.

4      28.    In answer to Paragraph 27, Defendants deny each and every allegation
5  contained therein.

6      29.    In answer to Paragraph 28, Defendants deny each and every allegation
7  contained therein.

8      30.    In answer to Paragraph 29, Defendants deny each and every allegation
9  contained therein.

10     31.    In answer to Paragraph 30, Defendants deny each and every allegation
11 contained therein.

12     32.    In answer to Paragraph 31, Defendants deny each and every allegation
13 contained therein.

14     33.    In answer to Paragraph 32, Defendants deny each and every allegation
15 contained therein.

16     34.    In answer to Paragraph 33, Defendants deny each and every allegation
17 contained therein.

18     35.    In answer to Paragraph 34, Defendants deny each and every allegation
19 contained therein.

20     36.    In answer to Paragraph 35, Defendants deny each and every allegation
21 contained therein.

22                        **GENERAL BACKGROUND**

23     37.    In answer to Paragraph 36, Defendants state that the referenced statutes
24 and wage orders speak for themselves, the paragraph contains no factual allegations,
25 and therefore it requires no response.

26     38.    In answer to Paragraph 37 and subparts (a)-(n), Defendants state that
27 the paragraph and subparts contain legal conclusions and no factual allegations, and
28 therefore require no response.  To the extent that any averments in Paragraph 37 are

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4838-8218-3022.1
6
DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

deemed to require a response, Defendants deny each and every allegation contained therein.

39. In answer to Paragraph 38, Defendants deny each and every allegation contained therein.

40. In answer to Paragraph 39, Defendants state that the referenced statutes and wage order speak for themselves, and the portion of paragraph 39 that refers to it contains no factual allegations and requires no response. As to the balance of Paragraph 39, Defendants deny each and every allegation contained therein.

41. In answer to Paragraph 40, Defendants state that the referenced statutes and wage order speak for themselves, and the portion of paragraph 40 that refers to it contains no factual allegations and requires no response. As to the balance of Paragraph 40, Defendants deny each and every allegation contained therein.

42. In answer to Paragraph 41, Defendants state that the referenced statute speaks for itself, the paragraph contains no factual allegations, and therefore it requires no response.

43. In answer to Paragraph 42, Defendants state that the referenced statute speaks for itself, the paragraph contains no factual allegations, and therefore it requires no response.

44. In answer to Paragraph 43, Defendants state that the referenced statute speaks for itself, the paragraph contains legal conclusions and no factual allegations, and therefore requires no response. To the extent that any averments in Paragraph 43 are deemed to require a response, Defendants deny each and every allegation contained therein.

45. In answer to Paragraph 44, Defendants state that the referenced statutes and wage order speak for themselves, the paragraph contains no factual allegations, and therefore it requires no response.

46. In answer to Paragraph 45, Defendants state that the referenced statutes and wage order speak for themselves, and the portion of paragraph 45 that refers to

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4838-8218-3022.1

7

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

1  it contains no factual allegations and requires no response.  As to the balance of

2  Paragraph 45, Defendants deny each and every allegation contained therein.

3       47.    In answer to Paragraph 46, Defendants deny each and every allegation

4  contained therein.

5       48.    In answer to Paragraph 47, Defendants state that the referenced statutes

6  speak for themselves, the paragraph contains no factual allegations, and therefore it

7  requires no response.

8       49.    In answer to Paragraph 48, Defendants deny each and every allegation

9  contained therein.

10       50.    In answer to Paragraph 49, Defendants deny each and every allegation

11  contained therein.

12       51.    In answer to Paragraph 50, Defendants state that the referenced statute

13  speaks for itself, the paragraph contains no factual allegations, and therefore it

14  requires no response.

15       52.    In answer to Paragraph 51, Defendants state that the referenced statute

16  speaks for itself, the paragraph contains no factual allegations, and therefore it

17  requires no response.

18       53.    In answer to Paragraph 52, Defendants state that the referenced statute

19  speaks for itself, contains no factual allegations, and therefore requires no response.

20  To the extent that any averments in Paragraph 52 are deemed to require a response,

21  Defendants deny each and every allegation contained therein.

22  **CLASS ACTION ALLEGATIONS**

23       54.    In answer to Paragraph 53, Defendants need not address Plaintiffs'

24  summary of the action.  Moreover, Defendants state that the paragraph contains no

25  factual allegations and therefore requires no response.  To the extent that any

26  averment in Paragraph 53 is deemed to require a response, Defendants deny each

27  and every allegation contained therein.

28  / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

55.     In answer to Paragraph 54 and subparts (a)-(d), Defendants state that the paragraph contains no factual allegations and therefore requires no response.  To the extent that any averment in Paragraph 54 is deemed to require a response, Defendants deny each and every allegation contained therein.

56.     In answer to Paragraph 55 and subparts (a)-(k), Defendants state that the paragraph contains no factual allegations and therefore requires no response.  To the extent that any averment in Paragraph 55 is deemed to require a response, Defendants deny each and every allegation contained therein.

57.     In answer to Paragraph 56, Defendants state that the referenced rule of court speaks for itself, the paragraph contains no factual allegations, and therefore it requires no response.

58.     In answer to Paragraph 57, Defendants deny each and every allegation contained therein.

59.     In answer to Paragraph 58 and subparts (a)-(t), Defendants state that the paragraph contains no factual allegations and therefore requires no response.  To the extent that any averment in Paragraph 58 is deemed to require a response, Defendants deny each and every allegation contained therein.

60.     In answer to Paragraph 59, Defendants deny each and every allegation contained therein.

61.     In answer to Paragraph 60, Defendants deny each and every allegation contained therein.

62.     In answer to Paragraph 61, Defendants deny each and every allegation contained therein.

63.     In answer to Paragraph 62, Defendants deny each and every allegation contained therein.

/ / /

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4838-8218-3022.1

9

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

# FIRST CAUSE OF ACTION

# FAILURE TO PAY MINIMUM WAGE

64.     In answer to Paragraph 63, Defendants incorporate their responses in to Paragraphs 1 through 62 as though stated fully herein.

65.     Defendants admit to the allegations in Paragraph 64 of the TAC.

66.     In answer to Paragraph 65, Defendants deny each and every allegation contained therein.

67.     In answer to Paragraph 66, Defendants state that the referenced statute speaks for itself, the paragraph contains no factual allegations, and therefore it requires no response.

68.     In answer to Paragraph 67, Defendants state that the referenced wage order speaks for itself, the paragraph contains no factual allegations, and therefore it requires no response.

69.     In answer to Paragraph 68, Defendants state that the referenced wage order speaks for itself, and the portion of Paragraph 68 that refers to it contains no factual allegations and requires no response.  As to the balance of Paragraph 68, Defendants deny each and every allegation contained therein.

70.     In answer to Paragraph 69, Defendants state that the referenced statute speaks for itself, the paragraph contains no factual allegations, and therefore it requires no response.

71.     In answer to Paragraph 70, Defendants state that the referenced statutes and wage order speak for themselves, the paragraph contains no factual allegations, and therefore it requires no response.

72.     In answer to Paragraph 71, Defendants state that the referenced statutes and wage order speak for themselves, the paragraph contains no factual allegations, and therefore it requires no response.

73.     In answer to Paragraph 72, Defendants deny each and every allegation contained therein.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

74. In answer to Paragraph 73, Defendants deny each and every allegation contained therein.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY STATUTORY/CONTRACTUAL WAGE

75. In answer to Paragraph 74, Defendants incorporate their responses in to Paragraphs 1 through 73 as though stated fully herein.

76. In answer to Paragraph 75, Defendants admit that Defendants EUROPEAN CALIFORNIA FURNITURE, LTD., INPALA, INC., ORANGE COAST DESIGN, LLC, AND RBPASADENA, LLC are required to pay employees in the State of California for all hours worked at the statutory or agreed upon rate. Except as expressly admitted herein, Defendants deny each and every allegation of Paragraph 75.

77. In answer to Paragraph 76, Defendants state that the referenced wage order speaks for itself, the paragraph contains no factual allegations, and therefore it requires no response.

78. In answer to Paragraph 77, Defendants deny each and every allegation contained therein.

79. In answer to Paragraph 78, Defendants deny each and every allegation contained therein.

80. In answer to Paragraph 79, Defendants deny each and every allegation contained therein.

81. In answer to Paragraph 80, Defendants deny each and every allegation contained therein.

82. In answer to Paragraph 81, Defendants deny each and every allegation contained therein.

/ / /

/ / /

/ / /



**THIRD CAUSE OF ACTION**

**FAILURE TO OVERTIME WAGES**

**(In Violation of California Labor Code §§ 510, 1194, 1198, and IWC Wage Order 7-2001 § 3)**

83.     In answer to Paragraph 82, Defendants incorporate their responses in to Paragraphs 1 through 81 as though stated fully herein.

84.     In answer to Paragraph 83, Defendants deny each and every allegation contained therein.

85.     In answer to Paragraph 84, Defendants deny each and every allegation contained therein.

86.     In answer to Paragraph 85, Defendants state that the referenced statute speaks for itself, the paragraph contains no factual allegations, and therefore it requires no response.

87.     In answer to Paragraph 86, Defendants state that the referenced statute speaks for itself, the paragraph contains no factual allegations, and therefore it requires no response.

88.     In answer to Paragraph 87, Defendants state that the referenced statute speaks for itself, the paragraph contains no factual allegations, and therefore it requires no response.

89.     In answer to Paragraph 88, Defendants deny each and every allegation contained therein.

90.     In answer to Paragraph 89, Defendants deny each and every allegation contained therein.

**FOURTH CAUSE OF ACTION**

**FAILURE TO OVERTIME WAGES**

**(In Violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq.)**

91.     In answer to Paragraph 90, Defendants incorporate their responses in to Paragraphs 1 through 89 as though stated fully herein.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4838-8218-3022.1

12

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

92.   In answer to Paragraph 91, Defendants state that the referenced statute speaks for itself, the paragraph contains no factual allegations, and therefore it requires no response.

93.   Defendants admit to the allegations in Paragraph 92 of the TAC.

94.   Defendants admit to the allegations in Paragraph 93 of the TAC.

95.   In answer to Paragraph 94, Defendants deny each and every allegation contained therein.

96.   In answer to Paragraph 95, Defendants deny each and every allegation contained therein.

97.   In answer to Paragraph 96, Defendants deny each and every allegation contained therein.

98.   In answer to Paragraph 97, Defendants deny each and every allegation contained therein.

99.   In answer to Paragraph 98, Defendants deny each and every allegation contained therein.

## FIFTH CAUSE OF ACTION
## FAILURE TO PROVIDE SICK DAYS

100.   In answer to Paragraph 99, Defendants incorporate their responses in to Paragraphs 1 through 98 as though stated fully herein.

101.   In answer to Paragraph 100, Defendants state that the referenced statute speaks for itself, the paragraph contains no factual allegations, and therefore it requires no response.

102.   In answer to Paragraph 101, Defendants deny each and every allegation contained therein.

103.   In answer to Paragraph 102, Defendants deny each and every allegation contained therein.

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4838-8218-3022.1                                      13
DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

1

## SIXTH CAUSE OF ACTION

2

## UNLAWFUL DEDUCTION OF WAGES

3          104.   In answer to Paragraph 103, Defendants incorporate their responses in

4    to Paragraphs 1 through 102 as though stated fully herein.

5          105.   In answer to Paragraph 104, Defendants state that the referenced

6    statutes speak for themselves, the paragraph contains no factual allegations, and

7    therefore it requires no response.

8          106.   In answer to Paragraph 105, Defendants state that the referenced statute

9    speaks for itself, the paragraph contains no factual allegations, and therefore it

10   requires no response.

11         107.   In answer to Paragraph 106, Defendants state that the referenced statute

12   speaks for itself, the paragraph contains no factual allegations, and therefore it

13   requires no response.

14         108.   In answer to Paragraph 107, Defendants deny each and every allegation

15   contained therein.

16         109.   In answer to Paragraph 108, Defendants deny each and every allegation

17   contained therein.

18         110.   In answer to Paragraph 109, Defendants deny each and every allegation

19   contained therein.

20

## SEVENTH CAUSE OF ACTION

21

## FAILURE TO PAY VESTED VACATION WAGES

22         111.   In answer to Paragraph 110, Defendants incorporate their responses in

23   to Paragraphs 1 through 109 as though stated fully herein.

24         112.   In answer to Paragraph 111, Defendants state that the referenced

25   statutes speak for themselves, the paragraph contains no factual allegations, and

26   therefore it requires no response.

27         113.   In answer to Paragraph 112, Defendants deny each and every allegation

28   contained therein.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4838-8218-3022.1

14

114.   In answer to Paragraph 113, Defendants deny each and every allegation contained therein.

115.   In answer to Paragraph 114, Defendants deny each and every allegation contained therein.

116.   In answer to Paragraph 115, Defendants state that the referenced wage order speaks for itself, and the portion of Paragraph 115 that refers to it contains no factual allegations and requires no response.  As to the balance of Paragraph 115 Defendants deny each and every allegation contained therein.

117.   In answer to Paragraph 116, Defendants deny each and every allegation contained therein.

118.   In answer to Paragraph 117, Defendants deny each and every allegation contained therein.

119.   In answer to Paragraph 118, Defendants deny each and every allegation contained therein.

## EIGHTH CAUSE OF ACTION

## FAILURE TO PROVIDE PAID REST PERIODS

## OR COMPENSATION IN LIEU THEREOF

120.   In answer to Paragraph 119, Defendants incorporate their responses in to Paragraphs 1 through 118 as though stated fully herein.

121.   In answer to Paragraph 120, Defendants state that the referenced statute speaks for itself, the paragraph contains no factual allegations, and therefore it requires no response.

122.   In answer to Paragraph 121, Defendants state that the referenced statute speaks for itself, the paragraph contains no factual allegations, and therefore it requires no response.

123.   In answer to Paragraph 122, Defendants state that the referenced wage order speaks for itself, the paragraph contains no factual allegations, and therefore it requires no response.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

124.   In answer to Paragraph 123, Defendants deny each and every allegation contained therein.

125.   In answer to Paragraph 124, Defendants deny each and every allegation contained therein.

126.   In answer to Paragraph 125, Defendants deny each and every allegation contained therein.

127.   In answer to Paragraph 126, Defendants deny each and every allegation contained therein.

128.   In answer to Paragraph 127, Defendants deny each and every allegation contained therein.

129.   In answer to Paragraph 128, Defendants deny each and every allegation contained therein.

## NINTH CAUSE OF ACTION

## FAILURE TO PROVIDE PAID MEAL PERIODS

## OR COMPENSATION IN LIEU THEREOF

130.   In answer to Paragraph 129, Defendants incorporate their responses in to Paragraphs 1 through 128 as though stated fully herein.

131.   In answer to Paragraph 130, Defendants state that the referenced statute speaks for itself, the paragraph contains no factual allegations, and therefore it requires no response.

132.   In answer to Paragraph 131, Defendants state that the referenced statute speaks for itself, the paragraph contains no factual allegations, and therefore it requires no response.

133.   In answer to Paragraph 132, Defendants state that the referenced wage order speaks for itself, the paragraph contains no factual allegations, and therefore it requires no response.

134.   In answer to Paragraph 133, Defendants deny each and every allegation contained therein.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

135.   In answer to Paragraph 134, Defendants deny each and every allegation contained therein.

136.   In answer to Paragraph 135, Defendants deny each and every allegation contained therein.

137.   In answer to Paragraph 136, Defendants deny each and every allegation contained therein.

138.   In answer to Paragraph 137, Defendants deny each and every allegation contained therein.

## TENTH CAUSE OF ACTION

## FAILURE TO REIMBURSE BUSINESS EXPENSES

139.   In answer to Paragraph 138, Defendants incorporate their responses in to Paragraphs 1 through 137 as though stated fully herein.

140.   In answer to Paragraph 139, Defendants state that the referenced statute speaks for itself, the paragraph contains no factual allegations, and therefore it requires no response.

141.   In answer to Paragraph 140, Defendants deny each and every allegation contained therein.

142.   In answer to Paragraph 141, Defendants deny each and every allegation contained therein.

143.   In answer to Paragraph 142, Defendants deny each and every allegation contained therein.

144.   In answer to Paragraph 143, Defendants deny each and every allegation contained therein.

145.   In answer to Paragraph 144, Defendants deny each and every allegation contained therein.

/ / /

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**ELEVENTH CAUSE OF ACTION**

**FAILURE TO MAINTAIN PAYROLL RECORDS**

**AND PROVIDE ITEMIZED WAGE STATEMENTS**

146.   In answer to Paragraph 145, Defendants incorporate their responses in to Paragraphs 1 through 144 as though stated fully herein.

147.   In answer to Paragraph 146, Defendants state that the referenced statute speaks for itself, the paragraph contains no factual allegations, and therefore it requires no response.

148.   In answer to Paragraph 147, Defendants state that the referenced statute and wage order speak for themselves, and the portion of Paragraph 147 that refers to them contains no factual allegations and requires no response.  As to the balance of Paragraph 147, Defendants deny each and every allegation contained therein.

149.   In answer to Paragraph 148, Defendants deny each and every allegation contained therein.

150.   In answer to Paragraph 149, Defendants deny each and every allegation contained therein.

151.   In answer to Paragraph 150, Defendants deny each and every allegation contained therein.

**TWELFTH CAUSE OF ACTION**

**FAILURE TO TIMELY PAY WAGES**

152.   In answer to Paragraph 151, Defendants incorporate their responses in to Paragraphs 1 through 150 as though stated fully herein.

153.   In answer to Paragraph 152, Defendants state that the referenced statute speaks for itself, the paragraph contains no factual allegations, and therefore it requires no response.

154.   In answer to Paragraph 153, Defendants state that the referenced statute speaks for itself, the paragraph contains no factual allegations, and therefore it requires no response.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

155.   In answer to Paragraph 154, Defendants deny each and every allegation contained therein.

156.   In answer to Paragraph 155, Defendants state that the referenced statute speaks for itself, the paragraph contains no factual allegations, and therefore it requires no response.

157.   In answer to Paragraph 156, Defendants deny each and every allegation contained therein.

158.   In answer to Paragraph 157, Defendants deny each and every allegation contained therein.

159.   In answer to Paragraph 158, Defendants deny each and every allegation contained therein.

160.   In answer to Paragraph 159, Defendants state that the referenced statute speaks for itself, the paragraph contains no factual allegations, and therefore it requires no response.

161.   In answer to Paragraph 160, Defendants deny each and every allegation contained therein.

162.   In answer to Paragraph 161, Defendants deny each and every allegation contained therein.

163.   In answer to Paragraph 162, Defendants deny each and every allegation contained therein.

## THIRTEENTH CAUSE OF ACTION
## UNLAWFUL RELEASE OF WAGES AND EXPENSES
## BROUGHT UNDER PAGA

164.   In answer to Paragraph 163, Defendants incorporate their responses in to Paragraphs 1 through 162 as though stated fully herein.

165.   In answer to Paragraph 164, Defendants state that the referenced statute and wage order speak for themselves, and the portion of Paragraph 164 that refers to them contains no factual allegations and requires no response.  As to the balance of

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4838-8218-3022.1

19

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

1  Paragraph 164, Defendants deny each and every allegation contained therein.

2      166.   In answer to Paragraph 165, Defendants state that the referenced statute

3  speaks for itself, the paragraph contains no factual allegations, and therefore it

4  requires no response.

5      167.   In answer to Paragraph 166, Defendants state that the referenced statute

6  speaks for itself, the paragraph contains no factual allegations, and therefore it

7  requires no response.

8      168.   In answer to Paragraph 167, Defendants state that the referenced statute

9  speaks for itself, the paragraph contains no factual allegations, and therefore it

10  requires no response.

11      169.   In answer to Paragraph 168, Defendants deny each and every allegation

12  contained therein.

13      170.   In answer to Paragraph 169, Defendants deny each and every allegation

14  contained therein.

15      171.   In answer to Paragraph 170, Defendants deny each and every allegation

16  contained therein.

## FOURTEENTH CAUSE OF ACTION

## VIOLATION OF UNFAIR COMPETITION LAW

19      172.   In answer to Paragraph 171, Defendants incorporate their responses in

20  to Paragraphs 1 through 170 as though stated fully herein.

21      173.   In answer to Paragraph 172, Defendants deny each and every allegation

22  contained therein.

23      174.   In answer to Paragraph 173 and subparts (a)-(o), Defendants state that

24  the referenced statutes and wage orders speak for themselves, the paragraph and

25  subparts contain legal conclusions and no factual allegations, and therefore require

26  no response.  To the extent that any averments in Paragraph 173 are deemed to

27  require a response, Defendants deny each and every allegation contained therein.

28  / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

175.   In answer to Paragraph 174, Defendants deny each and every allegation contained therein.

176.   In answer to Paragraph 175, Defendants deny each and every allegation contained therein.

177.   In answer to Paragraph 176, Defendants deny each and every allegation contained therein.

178.   In answer to Paragraph 177, Defendants deny each and every allegation contained therein.

179.   In answer to Paragraph 178, Defendants deny each and every allegation contained therein.

180.   In answer to Paragraph 179, Defendants deny each and every allegation contained therein.

## FIFTEENTH CAUSE OF ACTION

## CALIFORNIA LABOR CODE PRIVATE ATTORNEYS GENERAL ACT

181.   In answer to Paragraph 180, Defendants incorporate their responses in to Paragraphs 1 through 179 as though stated fully herein.

182.   In answer to Paragraph 181, Defendants state that the referenced statute speaks for itself, the paragraph contains no factual allegations, and therefore it requires no response.  To the extent that any averments in Paragraph 181 are deemed to require a response, Defendants deny each and every allegation contained therein.

183.   In answer to Paragraph 182, Defendants deny each and every allegation contained therein.

184.   In answer to Paragraph 183, Defendants state that the referenced statute speaks for itself, the paragraph contains no factual allegations, and therefore it requires no response.

185.   In answer to Paragraph 184, Defendants state that the referenced statute speaks for itself, the paragraph contains no factual allegations, and therefore it

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4838-8218-3022.1

21

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

1  requires no response.  To the extent that any averments in Paragraph 184 are

2  deemed to require a response, Defendants deny each and every allegation contained

3  therein.

4       186.   In answer to Paragraph 185, Defendants state that the referenced statute

5  speaks for itself, the paragraph contains no factual allegations, and therefore it

6  requires no response.  To the extent that any averments in Paragraph 185 are

7  deemed to require a response, Defendants deny each and every allegation contained

8  therein.

9       187.   In answer to Paragraph 186, Defendants deny each and every allegation

10  contained therein.

11                          **PRAYER FOR RELIEF**

12       188.   Defendants need not address Plaintiffs' prayer for relief.  To the extent

13  that any averment in Plaintiffs' prayer is deemed to require a response,

14  Defendants deny each and every allegation contained therein.

15                          **AFFIRMATIVE DEFENSES**

16       189.   Defendants have not completed their investigation of the facts of this

17  case, have not completed discovery in this matter, and have not completed their

18  preparation for trial.  The defenses stated herein are based on Defendants'

19  knowledge, information, and belief at this time.  Defendants specifically reserve the

20  right to modify, amend, or supplement any defense contained herein at any time.

21  Without conceding that it bears the burden of proof or persuasion as to any one of

22  them, Defendants assert the following separate affirmative defenses to the Third

23  Amended Complaint.

24                        **FIRST AFFIRMATIVE DEFENSE**

25                        **(Failure to State a Cause of Action)**

26       190.   Neither the Third Amended Complaint nor any purported cause of

27  action alleged therein state claims upon which relief can be granted.

28  / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4838-8218-3022.1
22
DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

## SECOND AFFIRMATIVE DEFENSE

### (Reasonableness and Good Faith)

191.   Defendants and their agents acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the time they so acted. Accordingly, Plaintiffs are barred from any recovery in this action.

## THIRD AFFIRMATIVE DEFENSE

### (Rest Period Law)

192.   Pursuant to the applicable Wage Order, Defendants "authorized and permitted" Plaintiffs to take rest periods.

## FOURTH AFFIRMATIVE DEFENSE

### (Meal Period Law)

193.   Pursuant to the applicable Wage Order, Defendants "provided" Plaintiffs with the ability to take meal periods.

## FIFTH AFFIRMATIVE DEFENSE

### (Labor Code Section 226)

194.   Plaintiffs did not suffer an actual injury and therefore cannot recover damages or statutory penalties under Labor Code section 226.

## SIXTH AFFIRMATIVE DEFENSE

### (No Overtime Wages Owed)

195.   Plaintiffs' claims for unpaid overtime wages are barred because Defendants timely paid all wages owed to them.

## SEVENTH AFFIRMATIVE DEFENSE

### (Commissioned/Inside Sales Exemption)

196.   Plaintiffs' claims are barred, in whole or in part, because Plaintiffs were exempt from overtime requirements under the Commissioned/Inside Sales exemption of the Industrial Welfare Commission's Wage Orders.

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4838-8218-3022.1

23

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

## EIGHTH AFFIRMATIVE DEFENSE

### (No Waiting Time Penalties)

197.   Plaintiffs' claims for "waiting time penalties" under California <u>Labor Code</u> section 203 for untimely payment of wages are barred because Defendants did not intentionally or willfully withhold payment of wages.

## NINTH AFFIRMATIVE DEFENSE

### (No Vested Vacation Wages Owed)

198.   Plaintiffs' claims for unpaid vested wages are barred because Defendants timely paid all wages owed to them.

## TENTH AFFIRMATIVE DEFENSE

### (Reimbursement)

199.   Plaintiffs' claim for reimbursement of business expenses are barred because Defendants lawfully compensated Plaintiffs for all work-related expenses.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Unintentional Conduct)

200.   Plaintiffs' claim for civil penalties pursuant to California <u>Labor Code</u> section 226 is barred because, in the event that Defendants failed to provide accurate itemized wage statements, which they deny, Defendants did not knowingly or intentionally do so.

## TWELFTH AFFIRMATIVE DEFENSE

### (Inadequate Class Representative)

201.   Plaintiffs' class action claims are barred in whole or in part because Plaintiffs are inadequate class representatives to the claims asserted.

/ / /

/ / /

/ / /

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Uncertifiable Putative Class)

202.   Plaintiffs' class action claims are barred because Defendants have not engaged in actions of the kind alleged that are generally applicable to the proposed class of Plaintiffs, and as such, this action is not properly maintainable and/or does not qualify for certification under the requirements for a class action.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Common Questions of Law and Fact)

203.   Plaintiffs' class action claims are barred because questions of law and fact common to Plaintiffs do not predominate over the questions affecting individual members of the proposed class.  Therefore, this action is not appropriate for certification as a class action.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Typicality)

204.   Plaintiffs' class action claims are barred because Plaintiffs cannot establish that their claims are typical of those of the class and therefore, this action is not appropriate for certification as a class action.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Numerosity)

205.   Plaintiffs' class action claims are barred because Plaintiffs cannot establish that members of the class are so numerous that joinder is impracticable.  Therefore, this action is not appropriate for certification as a class action.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Community of Interest)

206.   The class allegations in Plaintiffs' Third Amended Complaint are improper as a matter of law because there is no community of interest in the claims asserted by Plaintiffs and those of the purported putative class.

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

207.   Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have failed to file this action within the applicable statute of limitations, including but not limited to California <u>Code of Civil Procedure</u> section 340, California <u>Labor Code</u> section 2699.3, and <u>Business and Professions Code</u> section 17200, et seq.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

208.   Plaintiffs are barred from maintaining the Third Amended Complaint and each purported cause of action therein as a result of their unclean hands with respect to the events upon which the Third Amended Complaint and purported causes of action allegedly are based.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Estoppel)

209.   Plaintiffs are estopped by their own conduct from asserting any and all claims they may have had or have against Defendants arising from the facts alleged in the Third Amended Complaint.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Waiver)

210.   Plaintiffs have waived whatever rights they may have had to assert the purported claims contained in the Third Amended Complaint and each purported cause of action thereof against Defendant.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Defendants' Good Faith Belief)

211.   Plaintiffs' Third Amended Complaint, and each purported cause of action alleged therein is barred, in whole or in part, because actions taken with

/ / /



1  respect to Plaintiffs' employment, if any, were based on an honest, reasonable, and

2  good faith belief in the facts as known and understood at the time.

3  ## TWENTY-THIRD AFFIRMATIVE DEFENSE

4  ### (Avoidable Consequences)

5  212.   Plaintiffs are precluded from asserting their Third Amended Complaint

6  and each purported cause of action therein, because they failed to exercise

7  reasonable care to avoid the injuries they purportedly suffered in that, among other

8  things, Plaintiffs unreasonably failed to utilize Defendants' internal grievance

9  procedures.

10  ## TWENTY-FOURTH AFFIRMATIVE DEFENSE

11  ### (Laches)

12  213.   Plaintiffs are barred by the doctrine of laches from pursuing their Third

13  Amended Complaint and each purported cause of action therein by reason of their

14  inexcusable and unreasonable delay in filing the subject action.

15  ## TWENTY-FIFTH AFFIRMATIVE DEFENSE

16  ### (Consent)

17  214.   Plaintiffs, at all relevant times, gave their consent, express or implied,

18  to the alleged acts, omissions, and conduct of Defendants.

19  ## TWENTY-SIXTH AFFIRMATIVE DEFENSE

20  ### (Plaintiffs' Acts)

21  215.   Plaintiffs' damages, if any, were caused by Plaintiffs' own intentional

22  or negligent acts, thus barring or limiting Plaintiff's right of recovery.

23  ## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

24  ### (Penalties)

25  216.   The Third Amended Complaint fails to allege facts sufficient to

26  establish a claim for penalties.

27  / / /

28  / / /


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Willful Conduct)

217. Even if Defendants engaged in the conduct alleged by Plaintiffs, which allegations Defendants deny, such actions or failure to act were not willful.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

218. Plaintiffs' Third Amended Complaint, and each purported cause of action alleged therein are barred as Plaintiffs have failed to satisfy the statutory prerequisites to sue and to exhaust administrative remedies under the Private Attorney General's Act, Labor Code sections 2698 and 2699, and/or any other applicable administrative remedy.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Payment)

219. Plaintiffs have been paid all sums earned by them and that are due and owing to them by virtue of their performance of work as alleged in the Third Amended Complaint.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (No Unfair Business Practices)

220. Plaintiffs' cause of action for violation of Business and Professions Code section 17200, et seq. is barred in that the alleged practices are not unfair, the public is not likely to be deceived by any alleged practices, Defendants gained no competitive advantage by such practices, and the benefits of the alleged practices outweigh any harm or other impact they cause.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

221. If Plaintiffs suffered any loss, damage or detriment as a result of the facts alleged in the Third Amended Complaint, which Defendants deny, such loss, damage or detriment is limited or subject to an absolute bar based on after-acquired

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4838-8218-3022.1

28

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

1  evidence that Defendants presently have and/or may acquire during the course of

2  this litigation.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Speculative Damages)

5  222.   Plaintiffs are precluded from recovering the damages alleged in the

6  Third Amended Complaint because those damages are too vague, uncertain and

7  speculative to permit recovery.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Privileges)

10  223.   The Third Amended Complaint and each of its causes of action are

11  barred because all acts of Defendants affecting the terms and/or conditions of

12  Plaintiffs' relationship with Defendants were privileged, and were done with good

13  cause.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Standing)

16  224.   Plaintiffs lack standing to assert some or all of the claims alleged in

17  their Third Amended Complaint.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (De Minimis Damages)

20  225.   If in fact Defendants failed to pay Plaintiffs for all time worked, the

21  time is *de minimis* and therefore not compensable.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

24  226.   The Complaint fails to state facts sufficient to support any granting of

25  extraordinary or equitable relief, and otherwise had adequate remedies at law.

26  ///

27  ///

28  ///


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Unknown Defenses)

227.   Defendants allege that they may have other separate and/or additional defenses of which it is not aware, and hereby reserves their right to assert them by amendment to this Answer as discovery continues.

## DEMAND FOR JURY TRIAL

Defendants demand a trial by jury on all issues so triable.

DATED: July 31, 2018            **LEWIS BRISBOIS BISGAARD & SMITH LLP**


                                      /s/ Jeffrey S. Ranen
                                By: _____
                                    Jeffrey S. Ranen
                                    Brendan T. Sapien
                                    Amanda C. Koziol
                                    Attorneys for Defendants, ROCHE-BOBOIS USA, LTD. ("ROCHE-BOBOIS"), EUROPEAN CALIFORNIA FURNITURE, LTD., INPALA, INC, RBPASADENA, LLC, and ORANGE COAST DESIGN, LLC

30

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT